Julian R. GABBARD, Plaintiff-Appellant,

v.

Edgar ROSE et al., Defendants-Appellees.

No. 15815.

United States Court of Appeals
Sixth Circuit.

April 7, 1964.

James L. Cobb, Jr., Covington, Ky., for appellant.

Boehl, Stopher, Graves & Deindoerfer, Julian W. Knippenberg, Lexington, Ky., J. Smith Hays, Jr., Winchester, Ky., for appellees.

Before O'SULLIVAN, EDWARDS and PHILLIPS, Circuit Judges.

### ORDER DISMISSING APPEAL

A motion has been filed in this Court to dismiss the appeal in this case, which originated in the United States District Court for the Eastern District of Kentucky.

Plaintiff-appellant sought to recover damages from three defendants-appellees, Rose, Thompson, and Morgan, for alleged false arrest and imprisonment. Defendants moved for summary judgment and the District Court, on December 30, 1963, granted the motion as to Rose and Thompson, but overruled it as to Morgan. A motion by plaintiff to set aside this order was overruled on January 31, 1964. Plaintiff has appealed from this latter order, and defendants have filed the present motion to dismiss the appeal.

This is a suit involving multiple parties in which the District Court did not adjudicate the liability of all the defendants. Therefore we turn to Rule 54(b) of the Federal Rules of Civil Procedure which, as amended in 1961, reads as follows:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer

than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

In the instant case the District Court did not make the express determination and direction required by Rule 54(b). In the absence of such a determination the order of the District Court granting the motion for summary judgment as to two of the defendants was not a final judgment within the meaning of 28 U.S.C. § 1291, and an appeal therefrom may not be taken at this time. Rinker v. Local Union No. 24 of Amalgamated Lithographers of America, 313 F.2d 956 (C.A. 3); Miles v. City of Chandler, 297 F.2d 690 (C.A. 9).

The appeal is dismissed.