**ESTATE of Richard BURKS, Lucille Burks, Administratrix, Plaintiff-Appellant**

v.

**Dr. Leon ROSS et al., Defendants-Appellees.**

No. 19520.

United States Court of Appeals Sixth Circuit.

Nov. 28, 1969.

Virginia C. Dare, Detroit, Mich., for appellant on brief.

Robert V. Zenner, J. F. Bishop, Dept. of Justice, Appellate Section, Civil Division, Washington, D. C., for appellees.

Before WEICK, EDWARDS and McCREE, Circuit Judges.

**914**

ORDER ON MOTION TO DISMISS

 The action in the District Court was one for damages for wrongful death of plaintiff's decedent, whose death was allegedly caused by the negligence of the defendants, employees of the Government, and the defendant, New York Central Railroad Company. The District Judge granted summary judgment in favor of the Government employees on the ground that they were immune from tort liability. Barr v. Mateo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1958). Plaintiff appealed to this Court from the summary judgment, but the action against the Railroad Company is still pending in the District Court.

The order granting the summary judgment did not expressly determine that there is no just reason for delay as required by Rule 54(b) of the Federal Rules of Civil Procedure and hence it was not a final order from which an appeal may be taken. Appellees have moved to dismiss the appeal on this ground.

In our opinion, the motion to dismiss is well taken. Partin v. Hassan Motors, Inc., 363 F.2d 104 (6th Cir.1966); Gabbard v. Rose, 330 F.2d 705 (6th Cir. 1964).

It is therefore ordered that the appeal be and it is hereby dismissed. If upon the remand the District Judge determines to comply with Rule 54(b) and enters judgment in conformity therewith, we will permit any appeal therefrom to be heard on the present briefs and record, supplemented by the record of the proceedings subsequent to the remand.

 We express no opinion on what the District Judge should do on the remand, as this involves the exercise of his discretion. Miles v. City of Chandler, 297 F.2d 690 (9th Cir.1961).

Entered by order of the Court.