287 So.2d 835

**McGOWIN INVESTMENT COMPANY, a corporation, et al.**

**v.**

**Douglas Inge JOHNSTONE and Mary Jayne Johnstone.**

**SC 490.**

Supreme Court of Alabama.

Dec. 20, 1973.

Edmund R. Cannon and Jerry A. McDowell, Mobile, for appellants.

James L. May, Jr., Mobile, for appellees.

BLOODWORTH, Justice.

Appellants, McGowin Investment Company, et al., appeal from a judgment of the Circuit Court of Mobile County, granting appellees Johnstones' application to condemn a right of way over and across certain lands of McGowin Investment Company.

Appellees filed their application to condemn a right of way over the McGowin lands in the Probate Court of Mobile County, pursuant to Title 19, § 56 et seq., Code of Alabama 1940, as last amended. Appellees later amended their application. By decree of August 17, 1972, the probate judge denied the amended application. Appellees then appealed to the circuit court. After a trial de novo, Honorable William D. Bolling, the trial judge, by a judgment dated April 4, 1973, granted appellees' amended application to condemn a right of way over and across the McGowin lands. Appeal to this court then followed. By the judgment, the trial court "retains jurisdiction of this cause for such other, further and different orders, judgments, and decrees as the Court may deem proper in the matter of damages." Jury trial on the issue of damages was set for June 13, 1973.

There is a procedural issue to be resolved before we can consider the merits of this appeal. Appellees bring to the court's attention the fact that the circuit court's judgment does not adjudicate the matter of damages and retains jurisdiction for that express purpose. Appellees submit that this judgment is not such a final judgment as will support an appeal, although, in brief, they specifically waive any objection thereto. On the other hand, appellants argue that this judgment is a final judgment.[1]

■ Section 23 of Title 19, Code of Alabama 1940, provides for appeal to this court in condemnation proceedings within thirty days "After final judgment in the circuit court * * *." As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties. Taylor v. Major Finance, Co., Inc., 289 Ala. 458, 268 So.2d 738 (1972); Mason v. McClain, 271 Ala. 93, 122 So.2d 519 (1960).

■ No Alabama case has been cited in brief which has considered the question as to whether a judgment, which granted an application for condemnation but retained jurisdiction of the cause for determination of damages, is a final judgment within the meaning of § 23. Appellants do cite two cases which they say stand for the proposition that this court has, in fact, considered appeals in condemnation proceedings prior to determination of damages. These cases are Gralapp v. Mississippi Power Company, 280 Ala. 368, 194 So.2d 527 (1967) and Berry v. Alabama Power Company, 257 Ala. 654, 60 So.2d 681 (1952). A review of the original records in these two cases reveals, however, that damages had been assessed by the trial court before appeal. It is apparent that this court, on appeal, simply did not see fit to mention the issue of damages.

This court has been unable to find any Alabama condemnation case in which an appeal was allowed prior to assessment of damages. Additionally, no case of any nature in this state has been cited to this court in which an appeal was permitted prior to an adjudication by the trial court on the issue of damages.[2]

Cases involving references before a register in chancery are clearly distinguishable in that they involved merely ministerial ascertainments of fact and mechanical calculations from those facts; all legal issues

---

1. Appellants, however, state in brief that they have taken this appeal so as not to risk waiving their rights to appeal this part of the court's judgment due to the lapse of more than 30 days between the condemnation order and the hearing on damages.

2. See cf. City of Birmingham v. Brown, 241 Ala. 203, 2 So.2d 305, (1941).

having already been determined by the trial judge. See Ala.Dig., Vol. 2, Appeal & Error, ☜80(4). No sound reason has been advanced why this court should extend the scope of this line of cases so as to permit piecemeal appeal in cases such as the one at bar.

Moreover, the provisions of Title 19, § 24, Code of Alabama 1940, providing for a deposit or payment into court of the damages assessed in condemnation cases in order to secure entry pending appeal, as well as the provisions of Title 19, § 25, providing for payment of damages within six months after appeal is determined, together seem clearly to indicate that the legislature intended that judgments in condemnation cases become final only after assessment of damages.

It is, therefore, that this court must conclude that the instant judgment is not a final judgment, and that this appeal must be dismissed as premature.

Appeal dismissed.

COLEMAN, HARWOOD, McCALL and FAULKNER, JJ., concur.