300 So.2d 359

Thomas E. POWELL

v.

REPUBLIC NATIONAL LIFE INSUR-ANCE CO. et al.

SC 844.

Supreme Court of Alabama.

Sept. 12, 1974.

Richard H. Ramsey, III, Dothan, for appellant.

William L. Lee, III, Dothan, for appellees.

BLOODWORTH, Justice.

Appellant (plaintiff below), Thomas E. Powell, appeals from the order of the Circuit Court of Houston County which grant-

ed summary judgment in favor of the appellee (defendant below), Republic National Life Insurance Company, but which did not grant summary judgment in favor of Republic's co-defendant, Max K. Thompson. We dismiss the appeal for lack of jurisdiction of the subject matter.

The order of the Circuit Court provides as follows:

### "ORDER OF COURT"

"March 5, 1974—On consideration of motion for Summary Judgment filed by Defendant, Republic National Life Insurance Co., the pleadings on file, the affidavits in support of and opposing Summary Judgment, brief in support of Motion for Summary Judgment and oral Argument of Attorneys for Plaintiff and Defendant, Republic National Life Insurance Co., the Court is of the opinion that there is no genuine issue as to material fact in so far as Defendant, Republic National Life Insurance Co., is concerned and that said Defendant, is entitled to a judgment as a matter of law. Summary Judgment is, therefore, rendered in favor of Defendant, Republic National Life Insurance Co., and against Plaintiff. Clerk to notify. Notices to RHR III, L&mc, A&R—March 5, 1974."

Tit. 7 § 754, Code of Alabama 1940 (Recompiled 1958) requires a final judgment to support an appeal.

"As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties. Taylor v. Major Finance Co., Inc., 289 Ala. 458, 268 So.2d 738 (1972); Mason v. McClain, 271 Ala. 93, 122 So. 2d 519 (1960)."

McGowin Investment Company v. Johnstone, 291 Ala. 714, 287 So.2d 835 (1973).

■ When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu. Taylor v. Major Finance Co., Inc., 289 Ala. 458, 268 So.2d 738

(1972); Tarvin v. Tarvin, 266 Ala. 214, 95 So.2d 397 (1957).

■ Thus, the dispositive question is whether or not the above quoted order is a final judgment. The answer is found in Rule 54(b), Alabama Rules of Civil Procedure:

"(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or *when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." [Our emphasis.]

The Circuit Court did not grant summary judgment in favor of Republic's co-defendant nor did it enter a final judgment in favor of Republic and against appellant "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." By the clear terms of the rule the order entered is subject to revision at any time before a judgment which adjudicates all the rights and liabilities of all the parties. Because it is subject to revision, it is not a final judgment and will not support an appeal.

This decision is in accord with numerous federal cases which have held that an order granting summary judgment which af-

fects less than all parties in multiple party litigation is not a final judgment unless the trial judge made the determination and entry required by Rule 54(b), Federal Rules of Civil Procedure. Business Communications Inc. v. Cahners Publishing Co., 420 F.2d 535 (6th Cir. 1969); Estate of Burks v. Ross, 418 F.2d 913 (6th Cir. 1969); Aetna Ins. Co. v. Newton, 398 F.2d 729 (3rd Cir. 1968); Gabbard v. Rose, 330 F. 2d 705 (6th Cir. 1964); see also 10 Wright and Miller, Federal Practice and Procedure, § 2715 (1973); Lyons, Alabama Practice, Rules of Civil Procedure Annotated, § 54.3, pp. 306, 307 (1973).[1]

Therefore, we hold that an order granting summary judgment in favor of one of two defendants is not a final judgment within the meaning of Tit. 7 § 754, Code of Alabama 1940 (Recompiled 1958), and will not support an appeal unless the trial judge makes the determination and entry required by Rule 54(b), Alabama Rules of Civil Procedure.[2]

This decision should not be regarded as creating a pitfall for the unwary or as heralding a retreat from this state's on-going movement in judicial reform. To the contrary, absent the provisions of Rule 54(b) an order of the kind now before us would not be appealable regardless of the hardship that might result to either party from a delay in the entry of a final judgment.

The purpose of the provision in the rule that only a final judgment is appealable is to ensure that there be but one appeal of an entire case, thereby saving time and expense for litigants, as well as bench and bar. Rule 54(b) must also be considered in the light of other rules which allow a more liberal joinder of parties than heretofore known in this state. When so considered, Rule 54(b) would appear to represent a compromise between competing interests—the judicial economy of one appeal and the hardship caused by delay to one party in the entry of a final and appealable judgment.

This holding is not to be construed as depriving appellant of a review of the order granting summary judgment by appeal from the final judgment ultimately entered in the cause nor as precluding the trial court from vacating its prior order and entering one in conformity with Rule 54(b). See 10 Wright and Miller, supra, § 2660 (1973).

Appeal dismissed.

HEFLIN, C. J., and MERRILL, HARWOOD, MADDOX and FAULKNER, JJ., concur.

[redacted]

1. In Birmingham Television Corp. v. The Water Works, 292 Ala. 147, 290 So.2d 636, 640 (1974), a recent case in which an appeal was taken from an order granting summary judgment in favor of one of two defendants, this Court, in reaching the merits, was careful to note that the order had been entered in compliance with Rule 54(b). A.R.C.P.

2. In Birmingham Television Corp. v. The Water Works, 292 Ala. 147, 290 So.2d 636, 640 (1974), after setting out other particulars in a direction for entry of summary judgment in favor of one of two defendants, the trial judge continued as follows:

> "* * * The court directs the clerk to enter final judgment as aforesaid there be[ing] no just reason for the delay in the entry of said judgment. This order is made pursuant to Rule 54(b), the Alabama Rules of Civil Procedure."