BLOODWORTH, Justice.
This is an appeal by the minor-plaintiff from partial summary judgments in favor of defendants Bonnie Smith and Walter G. Smith. The appeal must be dismissed because summary judgments in favor of two defendants where there are multiple defendants is not a final judgment and will not support an appeal when the trial judge did not make the determination and entry required by Rule 54(b), Alabama Rules of Civil Procedure.
Plaintiff sued in three counts. Count 1 claims against Billy Gene Kimbrell, Jr., and Billy Gene Kimbrell, Sr., for negligence. Count 2 claims against Walter Gerald Smith for negligence and against Walter L. Smith, Shirley Smith, Walter G. Smith, and Bonnie Smith for negligent intrustment. Count 3 claims against the same parties named in Count 2 for wantonness. The record shows that on November 30, 1977, the motion of Billy Gene Kimbrell, Jr., and Billy Gene Kimbrell, Sr., to dismiss the action against them, with prejudice, was granted. The record further shows that on February 17, 1978, the motions of Bonnie Smith and Walter G. Smith for summary judgment were granted, without following the mandate of Rule 54(b), A.R.C.P., requiring therein an “express determination that there is no just reason for delay and upon an express direction for entry of judgment.” Therefore, neither is such a final judgment as will support an appeal. Powell v. Republic National Life Insurance Co., et al., 293 Ala. 101, 300 So.2d 359 (1974); Nelson-American Developers, Ltd. v. Enco Eng. Corp., 295 Ala. 185, 326 So.2d 103 (1976). See also Cates v. Bush, 293 Ala. 535, 307 So.2d 6 (1975), where the history of the rule is traced.
The reason for the rule is that the order entered is interlocutory and is subject to revision at any time before a final judgment which adjudicates all the rights and liabilities of all the parties. Therefore, because it is subject to revision, it is not a final judgment and will not support an appeal. Authorities, supra. As this Court noted in Powell, supra, when it appears that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.
We pointed out in Powell, supra,
“This decision should not be regarded as creating a pitfall for the unwary or as heralding a retreat from this state’s ongoing movement in judicial reform. To the contrary, absent the provisions of Rule 54(b) an order of the kind now before us would not be appealable regardless of the hardship that might result to either party from a delay in the entry of a final judgment.
*854 “The purpose of the provision in the rule that only a final judgment is appeal-able is to ensure that there be but one appeal of an entire case, thereby saving time and expense for litigants, as well as bench and bar. Rule 54(b) must also be considered in the light of other rules which allow a more liberal joinder of parties than heretofore known in this state. When so considered, Rule 54(b) would appear to represent a compromise between competing interests — the judicial economy of one appeal and the hardship caused by delay to one party in the entry of a final and appealable judgment.
“This holding is not to be construed as depriving appellant of a review of the order granting summary judgment by appeal from the final judgment ultimately entered in the cause nor as precluding the trial court from vacating its prior order and entering one in conformity with Rule 54(b). See 10 Wright and Miller, supra, § 2660 (1973).”
Therefore, we have no recourse but to dismiss the appeal.
APPEAL DISMISSED.
TORBERT, C. J., and FAULKNER, AL-MON and EMBRY, JJ., concur.