ON REHEARING EX MERO MOTU
Our opinion of August 9, 1991, is withdrawn and the following is substituted therefor.
Charles and Shirley Tanner appealed from an order of the Jefferson County Circuit Court granting an application of Alabama Power Company ("APCo") for condemnation of a right-of-way over the Tanners' property. The trial judge, before determining the amount of damages, entered an order purporting to certify the order as a "final judgment" pursuant to Ala.R.Civ.P. 54(b). The dispositive issue before us is whether Rule 54(b) allows the circuit court to certify as final its order granting a public utility's application for condemnation while expressly retaining jurisdiction to determine the amount of compensation to be awarded to the landowner. We hold that it does not.
Rule 54(b), in pertinent part, states:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
(Emphasis added.) The sine qua non of the rule's applicability is the existence of multiple parties or claims. The rule confers appellate jurisdiction over an order of judgment only where the trial court "has completely disposed of one of a number of claims, or one of multiple parties." Rule 54(b), committee comments (emphasis added). In other words, the "trial court cannot *Page 657 
confer appellate jurisdiction upon this court through directing entry of judgment under Rule 54(b) if the judgment is not otherwise 'final.' " Robinson v. Computer Servicenters, Inc.,360 So.2d 299 (Ala. 1978). "That a judgment is not final when the amount of damages has not been fixed by it is unquestionable." "Automatic" Sprinkler Corp. of America v. B.F.Goodrich Co., 351 So.2d 555, 557 (Ala. 1977); see also Moody v.State ex rel. Payne, 351 So.2d 547 (Ala. 1977).
In this case, the trial court, in granting APCo's application for condemnation without adjudicating the issue of damages, failed to "completely dispose" of APCo's claim. See committee comments to Rule 54(b); see also Liberty Mutual Ins. Co. v.Wetzel, 424 U.S. 737, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). An order that does not dispose of the entire claim is inherently interlocutory in nature. McGowin Investment Co. v. Johnstone,291 Ala. 714, 287 So.2d 835 (1973).
In McGowin, as in this case, landowners, prior to an adjudication of the issue of damages, appealed from an order granting an application for condemnation. In dismissing the appeal, this Court noted that it had "been unable to find any Alabama condemnation case in which an appeal was allowed prior to assessment of damages." 291 Ala. at 715, 287 So.2d at 836. Additionally, the Court reasoned that the statutory provision requiring "a deposit or payment into court of the damagesassessed in condemnation cases in order to secure entry pending appeal," see Ala. Code 1940, Tit. 19, § 24 (currently Ala. Code 1975, § 18-1A-289); and the provision "providing for payment of damages within [the designated time] after appeal is determined," see Tit. 19, § 25 (currently § 18-1A-290), "seemed clearly to indicate that the legislature intended that judgments in condemnation cases become final only after
assessment of damages." McGowin, 291 Ala. at 716,287 So.2d at 836-37. (Emphasis added.)
The reasoning of McGowin is equally applicable in this case. To put it simply, the trial court's attempted Rule 54(b) certification was ineffective to transform its condemnation order into a final judgment. Consequently, we are compelled to dismiss the appeals as premature. Powell v. Republic Nat'l LifeIns. Co., 293 Ala. 101, 300 So.2d 359 (1974); Alldridge v.Metro Bank, 398 So.2d 314 (Ala.Civ.App. 1981).
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPEALS DISMISSED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.