CRAWLEY, Judge,
dissenting.
I conclude that the circuit court could not properly certify its order as final pursuant to Rule 54(b), Ala.R.Civ.P. The circuit court’s order addresses the validity of the amount of the supersedeas bond set by the district court for the appeal to the circuit court on the one claim asserted by Intervest, the unlawful-detainer action. The issue of the amount of the supersede-as bond is not a claim separate from the substantive claim made in the unlawful-detainer action, but is rather a procedural issue arising from the unlawful-detainer action.
Rule 54(b) states in pertinent part:
‘When more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ... only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
(Emphasis added.) The supreme court has interpreted this precise language of Rule 54(b) as follows:
“The sine qua non of the rule’s applicability is the existence of multiple parties or claims. The rule confers appellate jurisdiction over an order of judgment only where the trial court ‘has completely disposed of one of a number of claims, or one of multiple parties.’ Rule 54(b) committee comments (emphasis added). In other words, the ‘trial court cannot confer appellate jurisdiction upon this court through directing entry of judgment under Rule 54(b) if the judgment is not otherwise “final.” ’ Robinson v. Computer Servicenters, Inc., 360 So.2d 299 (Ala.1978).”
Tanner v. Alabama Power Co., 617 So.2d 656 (Ala.1993).
Because I conclude that the circuit court’s judgment has not fully adjudicated the one claim before it — the claim presented in the unlawful-detainer action — I *1210 would dismiss Lovejoy’s appeal as being from a nonfinal order.