CRAWLEY, Judge.
The State of Alabama, on behalf of Ansi-dina Finklea, filed with the Wilcox County Juvenile Court a complaint for paternity and child support, alleging that Sammie Aaron was the father of Finklea’s minor child. The juvenile court held that Aaron was the child’s father and ordered him to pay $375 per month for child support. The State appealed the juvenile court’s order to the Wilcox County Circuit Court (the “trial court”) insofar as it pertained to the amount of the child-support award. A hearing for final determination was scheduled for March 26, 2001.
On .February 26, 2001, the trial court conducted a hearing at which the trial court stated that it would issue a temporary order requiring Aaron to be obligated for the following child support until it issued its final judgment following the March 26 hearing:
1. $375 per month from April 14, 1999, until September 30,1999.
2. $250 per month following September 30,1999.
The trial court issued a written order on February 26, 2001, but did not include any language indicating that the order was temporary. As a result of the written order, the State filed a posttrial motion on March 26, 2001; that same day the trial court conducted the scheduled hearing and took evidence. Before the trial court issued a final judgment, the State filed its notice of appeal.
Aaron has filed with this court a motion to dismiss the appeal, arguing that the trial court did not issue a final judgment from which an appeal could be taken. We agree, and we grant Aaron’s motion to dismiss the appeal. The transcripts from the hearings clearly show that the trial court intended the February 26 order to be a temporary order, effective only until a final order was issued following the March 26 hearing. “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974). The fact that the trial court took evidence at the March 26 hearing in order to issue a final judgment unquestionably supports the trial court’s previous indications that the February 26 order was only temporary.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.