MURDOCK, Justice.
 

 North Alabama Electric Cooperative (“NAEC”) and St. Paul Fire and Marine Insurance Company (“St. Paul”) appeal from a partial summary judgment entered in favor of New Hope Telephone Cooperative (“New Hope”) regarding a common-law indemnity claim stemming from a wrongful-death action filed against the above parties by the estate of J.C. Phillips (“the Phillips estate”). We dismiss the appeal.
 

 I. Background
 

 On June 29, 2004, Danny Phillips, as personal representative of the Phillips estate, filed a wrongful-death action against NAEC, New Hope, and others. The complaint alleged that, on April 3, 2004, J.C. Phillips was operating a riding lawnmower when a “lashing wire”
 
 [1]
 
 strung between utility poles fell to the ground and became entangled with the mower blade. Electrical current flowing through the utility wire allegedly gave Phillips a shock that resulted in his death.
 

 NAEC owns the utility poles on which the lashing wire was strung. New Hope strung its wires from the utility poles pursuant to an agreement with NAEC executed August 18, 1998, the “General Agreement Joint Use of Wood Poles” (“the pole-sharing agreement”). In the pole-sharing agreement, NAEC granted New Hope permission to attach cable-television and telephone wires to NAEC’s utility poles, and New Hope agreed, “at its own expense, and at all times, to maintain all of its attachments in safe condition [and] thorough repair.”
 

 Article XV of the pole-sharing agreement contains an indemnification clause, which provides:
 

 “Either party hereto, to the fullest extent permitted by law, agrees to and shall indemnify and hold harmless the other Party from and against any and all claims, damages, losses and expenses,, including but not limited to attorneys fees, arising out of or resulting from the joint use of the poles, and or any acts or omissions under this Agreement. Any interpretations regarding this Agreement or any activities arising hereunder shall be governed by the laws of the state of Alabama.”
 

 NAEC entered into a pro tanto settlement in the amount of $1,750,000 with the Phillips estate on April 8, 2005. NAEC’s
 
 *344
 
 liability insurer, St. Paul, paid the settlement amount and the costs of defense. Following the settlement, NAEC filed cross-claims against New Hope seeking contractual indemnity (based on Article XV of the pole-sharing agreement) and/or common-law indemnity and asserting negligence and wantonness. NAEC also filed, and the trial court granted, a motion to add St. Paul as a real party in interest as to its cross-claims.
 

 New Hope entered into a settlement with the Phillips estate in the amount of $875,000 on April 10, 2006. As a result of the settlements, no claims by the Phillips estate against NAEC and New Hope remain before the trial court.
 

 New Hope subsequently filed a motion for a summary judgment as to NAEC’s cross-claims. With regard to NAEC’s common-law indemnity claim, New Hope argued that the indemnification clause in the pole-sharing agreement precluded NAEC from relying on common-law indemnity as a basis for its cause of action.
 

 On September 6, 2006, the trial court granted New Hope’s motion for a summary judgment as to NAEC’s common-law indemnity claim, but it denied the motion with regard to NAEC’s other cross-claims, including its contractual indemnity claim. In entering the partial summary judgment, the trial court explicitly found that it did not see any “just reason for delay and directs entry of the judgment as final pursuant to Rule 54(b), [Ala. R. Civ. P.,]” with regard to the common-law indemnity claim. NAEC appeals.
 

 II. Analysis
 

 Both NAEC and New Hope make several arguments concerning the viability of NAEC’s common-law indemnity claim against New Hope. Before we examine those arguments, however, it is incumbent upon this Court to ensure that it has jurisdiction to hear the appeal.
 

 “ ‘As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties.... ’
 

 [[Image here]]
 

 “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal
 
 ex mero motu.”
 

 Powell v. Republic Nat’l Life Ins. Co.,
 
 293 Ala. 101, 102, 300 So.2d 359, 360 (1974) (quoting
 
 McGowin Investment Co. v. Johnstone,
 
 291 Ala. 714, 715, 287 So.2d 835, 836 (1973)).
 

 “Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.”
 

 Grantham v. Vanderzyl,
 
 802 So.2d 1077, 1079-80 (Ala.2001).
 

 As noted above, the trial court certified its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. As this Court has held, however, “ ‘[n]ot every order has the requisite element of finality that can trigger the operation of Rule 54(b).’ ”
 
 Dzwonkowski v. Sonitrol of Mobile, Inc.,
 
 892 So.2d 354, 361 (Ala.2004) (quoting
 
 Goldome Credit Corp. v. Player,
 
 869 So.2d 1146, 1147 (Ala.Civ.App.2003) (emphasis omitted from Dzwonkowski)). Indeed, “ ‘[i]t bears repeating, here, that “
 
 ‘[cje-rii-fications under Rule 51(b) should be entered only in exceptional cases
 
 and should
 
 *345
 
 not be entered routinely.’ ” ... “ ‘
 
 “Appellate revieiv in a piecemeal fashion is not favored.”
 
 ”” ”
 
 Schlarb v. Lee,
 
 955 So.2d 418, 419 (Ala.2006) (quoting
 
 Dzwonkowski,
 
 892 So.2d at 363, quoting in turn
 
 State v. Lawhorn,
 
 830 So.2d 720, 725 (Ala.2002), and
 
 Goldome,
 
 869 So.2d at 1148 (other citations omitted) (some emphasis added)).
 
 See, e.g., Winecoff v. Compass Bank,
 
 854 So.2d 611, 613 (Ala.Civ.App.2003);
 
 Moss v. Williams,
 
 747 So.2d 905, 907 (Ala.Civ.App.1999).
 

 In
 
 Scrushy v. Tucker,
 
 955 So.2d 988 (Ala.2006), this Court expounded on how courts determine whether claims are so intertwined that a Rule 54(b) certification is untenable. The
 
 Scrushy
 
 Court quoted with approval the United States Court of Appeals for the Seventh Circuit for “ ‘certain rules of thumb to identify those types of claims that can never be considered separate’ ” for purposes of Rule 54(b). 955 So.2d at 998 (quoting
 
 Steams v. Consolidated Mgmt., Inc.,
 
 747 F.2d 1105, 1108 (7th Cir.1984)). One such rule is that “ ‘ “claims cannot be separate unless separate recovery is possible on each.... Hence, mere variations of legal theory do not constitute separate claims.” ’ ”
 
 Id.
 
 (quoting
 
 Steams,
 
 747 F.2d at 1108-09, quoting in turn
 
 Amalgamated Meat Cutters v. Thompson Farms Co.,
 
 642 F.2d 1065, 1071 (7th Cir.1981)). The
 
 Scrushy
 
 Court also noted the similar rule of the United States Court of Appeals for the Second Circuit,
 
 see Rieser v. Baltimore & Ohio R.R.,
 
 224 F.2d 198, 199 (2d Cir.1955), which was summarized by the commentators of
 
 Federal Practice and Procedure:
 

 “ A single claimant presents multiple claims for relief under the Second Circuit’s formulation when the possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action .... However, when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, the bases for recovery are mutually exclusive, or simply presented in the alternative, and plaintiff has only a single claim for relief for purposes of Rule 54(b).’ ”
 

 955 So.2d at 998 (quoting 10 Charles Alan Wright et al.,
 
 Federal Practice & Procedure
 
 § 2657 (3d ed.1998) (footnotes omitted)).
 

 Our caselaw thus makes it clear that claims that are mutually exclusive or that reflect alternative claims for the recovery of damages should not be split for appellate review by way of Rule 54(b). NAEC’s cross-claims for contractual indemnity and common-law indemnity fall squarely within this category of intertwined claims. “ ‘The basis for indemnity is restitution, and the concept that one person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay.’”
 
 Amerada Hess Corp. v. Owens-Corning Fiberglass Corp.,
 
 627 So.2d 367, 370 (Ala.1993) (quoting
 
 Restatement (Second) of Torts
 
 § 886B cmt. c (1977)). Though NAEC pleaded different theories of indemnification recovery, i.e., contract and common law, by definition it may still receive only one recovery for indemnification. NAEC admits as much in its initial brief to this Court, labeling the two claims “alternative theories of recovery of indemnification.” Consequently, the adjudication of NAEC’s common-law indemnity cross-claim is not appropriate for certification under Rule 54(b).
 

 We further note that this case does not represent the kind of “exceptional case[ ]” that warrants immediate appellate review under Rule 54(b).
 
 Schlarb,
 
 955 So.2d at 419. Accordingly, our holding today is consistent with the fact that “[t]he
 
 *346
 
 purpose of the provision in the rule that only a final judgment is appealable is to ensure that there be but one appeal of an entire case, thereby saving time and expense for litigants, as well as bench and bar.”
 
 Powell v. Republic Nat’l Life Ins. Co.,
 
 293 Ala. at 103, 300 So.2d at 361.
 

 For these reasons, we dismiss the appeal as being from a nonfinal judgment.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and LYONS, STUART, and BOLIN, JJ., concur.
 

 [1]
 

 . The record indicates that the "lashing wire” at issue was a wire used to support New Hope's cable-television wire strung between utility poles.