BOLIN, Justice.
Alfred Douglas Hammock, as executor of the estate of Annie L. Moncus, deceased, appeals from a summary judgment in favor of Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P., and Merissa La-shaun Ransom. We dismiss the appeal.

Facts and Procedural History

On the afternoon of December 29, 2004, Annie Moncus and her husband, Elmer Boyd Moncus, were in the parking lot of the Wal-Mart discount store in Valley, walking toward the entrance of the store. While Annie and Elmer were walking through the yellow-painted crosswalk, Annie was struck and killed by an automobile driven by Ransom. At the time, Ransom was employed at the Wal-Mart store and was returning from her lunch hour. Ransom was on her way to the employee parking lot when the accident occurred.
On September 29, 2005, Hammock, Annie’s son, as executor of his mother’s estate, filed a wrongful-death action against Ransom, alleging negligence and wantonness. Hammock also named as defendants Wal-Mart Stores, Inc., and Wal-Mart Real *940 Estate Business Trust, Inc.,[1] which Hammock asserted owns the property on which the Wal-Mart discount store is located, alleging that at the time of the accident Ransom was acting within the line and scope of her employment for Wal-Mart Stores and Wal-Mart Real Estate and that, therefore, they were liable for Ransom’s negligence. He also alleged that Wal-Mart Stores and Wal-Mart Real Estate negligently or wantonly designed, constructed, controlled, inspected, and/or maintained the parking lot and crosswalk where the accident occurred and that they were negligent in training and supervising their employees by allowing the employees to drive through the customer parking lot, exposing business invitees to an unreasonable risk of harm, instead of requiring employees to take an alternate route to the employee parking lot.
On January 2, 2008, Wal-Mart Stores and Wal-Mart Real Estate filed a summary-judgment motion. Hammock filed a response, and the trial court held a hearing on the motion. On February 1, 2008, the trial court entered an order dismissing Hammock’s wantonness claim. The court granted Wal-Mart Stores and Wal-Mart Real Estate’s summary-judgment motion with regard to Hammock’s claim based on respondeat superior. However, the trial court denied the summary-judgment motion as to the remainder of Hammock’s claims.
On February 13, 2008, Hammock filed a motion to amend his complaint to remove his wantonness claim pursuant to the trial court’s order of February 1, 2008, and to add Wal-Mart Stores East, L.P., as a party. On February 15, 2008, Hammock filed a motion to alter, amend, or vacate the summary judgment on his claim of respon-deat superior. On March 3, 2008, Hammock filed a motion dismissing Wal-Mart Real Estate as a defendant. On March 4, 2008, the trial court granted Hammock’s motion to amend his complaint. That same day, the trial court entered an order, finding, in pertinent part, as follows:
“[T]hat Ransom was not being paid by Wal-Mart at the time of the accident, that Ransom was driving her own vehicle, that Ransom was on her lunch hour and not performing a special errand for Wal-Mart, that Ransom was not compensated by Wal-Mart in any manner for her travel time or expenses that day, that Wal-Mart did not require Ransom to commute to work in her own vehicle as a condition of her employment, or that Ransom was not designated a specific route through the parking lot by Wal-Mart to the employee parking area. In the case at bar, the court finds that there exists no genuine issue of material fact and the defendants, Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P., are entitled to judgment as a matter of law on the issue involving respon-deat superior.”
On March 19, 2008, the trial court entered an order making the summary judgment against Wal-Mart Stores and Wal-Mart Stores East (hereinafter referred to collectively as “Wal-Mart”) on the claim of respondeat superior final pursuant to Rule 54(b), Ala. R. Civ. P. The claims against Ransom and the other claims against Wal-Mart remain pending. Hammock appealed.

Analysis

Hammock seeks to hold Wal-Mart liable under the doctrine of respondeat superior for Ransom’s action. Before we can address that argument, however, it is necessary to determine whether this Court has jurisdiction to hear Hammock’s appeal.
*941 In our recent case of North Alabama Electric Cooperative v. New Hope Telephone Cooperative, 7 So.3d 342, 344-45 (Ala.2008), this Court stated:
“It is incumbent upon this Court to ensure that it has jurisdiction to hear the appeal.
“ ‘ “As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties. ...”
[[Image here]]
“ ‘When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.’
“Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974) (quoting McGowin Investment Co. v. Johnstone, 291 Ala. 714, 715, 287 So.2d 835, 836 (1973)).
“ ‘Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P. However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.’
“Grantham v. Vanderzyl, 802 So.2d 1077, 1079-80 (Ala.2001).
“As noted above, the trial court certified its judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. As this Court has held, however, ‘ “[n]ot every order has the requisite element of finality that can trigger the operation of Rule 54(b).” ’ Dzwonkowski v. Sonitrol of Mobile, Inc., 892 So.2d 354, 361 (Ala.2004) (quoting Goldome Credit Corp. v. Player, 869 So.2d 1146, 1147 (Ala.Civ.App.2003) (emphasis omitted from Dzwonkowski)). Indeed, ‘ “[i]t bears repeating, here, that ‘“[Certifications under Rule 54-(b) should be entered only in exceptional cases and should not be entered routinely.” ’ ... ‘ “ ‘Appellate review in a piecemeal fashion is not favored.’ ” ”” Schlarb v. Lee, 955 So.2d 418, 419 (Ala.2006) (quoting Dzwonkowski 892 So.2d at 363, quoting in turn State v. Lawhorn, 830 So.2d 720, 725 (Ala.2002), and Goldome, 869 So.2d at 1148 (other citations omitted) (some emphasis added)). See, e.g., Winecoff v. Compass Bank, 854 So.2d 611, 613 (Ala.Civ.App.2003); Moss v. Williams, 747 So.2d 905, 907 (Ala.Civ.App.1999).
“In Scrushy v. Tucker, 955 So.2d 988 (Ala.2006), this Court expounded on how courts determine whether claims are so intertwined that a Rule 54(b) certification is untenable. The Scrushy Court quoted with approval the United States Court of Appeals for the Seventh Circuit for ‘ “certain rules of thumb to identify those types of claims that can never be considered separate” ’ for purposes of Rule 54(b). 955 So.2d at 998 (quoting Stearns v. Consolidated Mgmt., Inc., 747 F.2d 1105, 1108 (7th Cir.1984)). One such rule is that ‘ “ ‘claims cannot be separate unless separate recovery is possible on each.... Hence, mere variations of legal theory do not constitute separate claims.’ ” ’ Id. (quoting Stearns, 747 F.2d at 1108-09, quoting in turn Amalgamated Meat Cutters v. Thompson Farms Co., 642 F.2d 1065, 1071 (7th Cir.1981)). The Scrushy Court also noted the similar rule of the United States Court of Appeals for the Second Circuit, see Rieser v. Baltimore & Ohio R.R., 224 F.2d 198, 199 (2d Cir.1955), which was summarized by the commentators of Federal Practice and Procedure:
*942 “ ‘ “A single claimant presents multiple claims for relief under the Second Circuit’s formulation when the possible recoveries are more than one in number and not mutually exclusive or, stated another way, when the facts give rise to more than one legal right or cause of action.... However, when a claimant presents a number of legal theories, but will be permitted to recover only on one of them, the bases for recovery are mutually exclusive, or simply presented in the alternative, and plaintiff has only a single claim for relief for purposes of Rule 54(b).” ’
“955 So.2d at 998 (quoting 10 Charles Alan Wright et al., Federal Practice & Procedure § 2657 (3d ed.1998) (footnotes omitted)).”
In the present case, the trial court certified as final Hammock’s claim against Wal-Mart based on respondeat superior. Specifically, Hammock had alleged that Ransom was acting in the line and scope of her employment at Wal-Mart when the accident occurred because Wal-Mart required Ransom to park her automobile in an employee parking lot and Ransom was operating her car incident to and in furtherance of the duties assigned her by Wal-Mart under its parking policy. Wal-Mart controls the location of its employee and customer parking lots, controls the design, construction, and operation of its parking lots, and has the authority to control the routes employees take to get to the employee parking lot. The trial court concluded that Ransom was not acting within the line and scope of her employment and that, therefore, Wal-Mart was not liable under the doctrine of respondeat superior.
Hammock’s remaining claim involves negligent supervision and training. With regard to negligent supervision and training, Hammock alleged in his complaint that Wal-Mart was negligent in failing to adopt and to enforce appropriate training policies requiring its employees to use an alternate route to the employee parking lot so that employees would not expose business invitees to an unreasonable risk of harm. Hammock further alleged that Wal-Mart’s failure to adopt and to enforce such policies and “its failure to adequately train and supervise [Ransom] by requiring her to take an alternate route to the employee parking lot, subjected Mrs. Moncus to an unreasonable risk of harm.”
The respondeat superior claim certified under Rule 54(b), Ala. R. Civ. P., and the negligent-supervision-and-training claim that remains to be adjudicated are “intertwined” because of the common element they share. Like a claim of respondeat superior, liability under a theory of negligent supervision is based on the employment relationship. The trial court ruled on Hammock’s respondeat superior claim, determining that Ransom was not acting within the line and scope of her employment when she struck and killed Moncus. As a result, a separate adjudication by the trial court on negligent supervision and training leaves open the possibility of “inconsistent results.”
Accordingly, the trial court erred in certifying its summary judgment on the claim of respondeat superior as final pursuant to Rule 54(b), Ala. R. Civ. P. “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974).
APPEAL DISMISSED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, and PARKER, JJ., concur.
MURDOCK, J., concurs specially.

. Hammock subsequently amended his complaint to add Wal-Mart Stores East, L.P., as a defendant; Wal-Mart Real Estate Business Trust, Inc., was dismissed as a defendant.