PER CURIAM.
 

 Banyan Corporation appeals from the trial court’s order entering a partial summary judgment in favor of W. Bruce Leit-head III. We dismiss the appeal.
 

 Leithead filed his complaint on January 9, 2004, asserting against Banyan and DoubleCase Corporation, a wholly owned subsidiary of Banyan, claims of negligence and breach of his employment contract with DoubleCase. Leithead alleged that Banyan had denied him certain benefits, compensation, and stock options to which he says he was entitled under the employment contract. On March 15, 2004, Leithead filed an amended complaint, asserting additional claims of fraudulent misrepresentation and fraudulent suppression against Banyan and Dou-bleCase.
 

 On October 26, 2007, Leithead filed a motion for a partial summary judgment on his breach-of-contract claim. In his motion, Leithead argued that the corporate veil should be pierced as to DoubleCase and that Banyan should be held liable for DoubleCase’s breach of Leithead’s employment contract. Leithead alleged that Banyan controlled DoubleCase to the extent that DoubleCase became a mere instrumentality or alter ego of Banyan and, alternatively, that Banyan was a party to and breached Leithead’s employment contract. In its order, the trial court stated that it was granting Leithead’s motion for a partial summary judgment on both alternative grounds:
 

 “1. With respect to the equitable doctrine of ‘piercing the corporate veil,’ the court finds overwhelming, undisputed evidence that there was little or no effort on the part of either Banyan Corporation or DoubleCase Corporation to maintain separate corporate formalities. To the contrary, the evidence is undisputed that DoubleCase had no independent, formal management or financial structure, and that the principals of Banyan operated DoubleCase out of their back pocket. The evidentiary record is replete with circumstance after circumstance in which Banyan completely disregarded the existence of Double-Case as a separate corporate entity. As a result of the domination and control of DoubleCase by Banyan, combined with the total lack of effort on the part of these companies to maintain even a modicum of corporate formality, Double-Case existed in name only. When viewed in the light most favorable to [Banyan and DoubleCase], the overwhelming evidence is that DoubleCase was the mere instrumentality and/or alter ego of Banyan.
 

 “The court finds that there exist no genuine issues of material fact, and that [Leithead] is entitled to judgment as matter of law on his equitable claim. [Leithead’s] Motion for Partial Summary Judgment is due to be, and it hereby is, GRANTED. It is the judgment of this court that no corporate shield exists between Defendants Banyan Corporation and DoubleCase Corporation. As DoubleCase Corporation is the mere instrumentality and/or alter ego of Banyan Corporation, any liability for a breach of duty or obligation on the part of DoubleCase shall be borne by Banyan.
 

 “2. With respect to [Leithead’s] contention that Defendant Banyan Corporation was a direct party to the contract
 
 *53
 
 made the basis of [Leithead’s] suit, the court finds that by [Banyan’s and Dou-bleCase’s] testimony, and as signified on the face of the document itself, Defendant Banyan intentionally made itself a party to the contract. Banyan acknowledged the existence of the contract and its obligations thereunder in its 10-K filings. When viewed in the light most favorable to [Banyan], the court finds that there exist no genuine issues of material fact, and that as a matter of law, [Leithead’s] Motion for Partial Summary Judgment is due to be, and it hereby is, GRANTED. Banyan Corporation is adjudged to be a signatory and party to the contract made the basis of this suit. As such, Banyan Corporation shall be liable for any breach of said contract as may be determined by the jury.
 

 “3. With respect to [Leithead’s] allegations concerning [Banyan’s and Dou-bleCase’s] breach of contract and the damages resulting therefrom, the court finds that there exist genuine issues of material fact which render summary judgment inappropriate. [Leithead’s] Motion for Partial Summary Judgment with respect to [Banyan’s and Double-Case’s] breach of contract is hereby DENIED.
 

 “4. Based upon the foregoing, the court finds that the Motion for Summary Judgment by Defendant Banyan Corporation is due to be, and it hereby is, DENIED.
 

 “5. The Court expressly directs entry of this judgment pursuant to A[la]. R. Civ. P. Rule 54(b), as the Court has determined that there is no just reason for delay in the entry of a final judgment as to the issues addressed in paragraphs 1. and 2. above.”
 

 The trial court’s order does not ultimately dispose of the breach-of-contract claim. Banyan appeals.
 

 On appeal, Banyan argues that there are genuine issues of material fact concerning the trial court’s decision that the corporate veil as to DoubleCase be pierced, thereby holding Banyan liable for any damages Leithead suffered as a result of Double-Case’s breach of his employment contract and, alternatively, that Banyan was a party to Leithead’s employment contract and thus is liable for any breach of that contract. Before we can address Banyan’s arguments, however, it is necessary to determine whether this Court has jurisdiction to hear Banyan’s appeal.
 

 In our recent case of
 
 North Alabama Electric Cooperative v. New Hope Telephone Cooperative,
 
 7 So.3d 342, 344-45 (Ala.2008), this Court stated:
 

 “It is incumbent upon this Court to en'sure that it has jurisdiction to hear the appeal.
 

 “ ‘ “As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties.... ”
 

 [[Image here]]
 

 “ When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal
 
 ex mero motu.’
 

 “Powell v. Republic Nat'l Life Ins. Co.,
 
 293 Ala. 101, 102, 300 So.2d 359, 360 (1974) (quoting
 
 McGowin Investment Co. v. Johnstone,
 
 291 Ala. 714, 715, 287 So.2d 835, 836 (1973)).
 

 “ ‘Ordinarily, an appeal can be brought only from a final judgment. Ala.Code 1975, § 12-22-2. If a case involves multiple claims or multiple parties, an order is generally not final unless it disposes of all claims as to all parties. Rule 54(b), Ala. R. Civ. P.
 

 
 *54
 
 However, when an action contains more than one claim for relief, Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.’
 

 “Grantham v. Vanderzyl,
 
 802 So.2d 1077,1079-80 (Ala.2001).”
 

 Further, in
 
 Haynes v. Alfa Financial Corp.,
 
 730 So.2d 178, 181 (Ala.1999), this Court held:
 

 “Pursuant to Rule 54(b), [Ala. R. Civ. P.,] a trial court may direct ‘the entry of a final judgment as to one or more but fewer than all of the claims or parties.’ But Rule 54(b) makes an order final— and therefore appealable — ‘only where the trial court “has
 
 completely disposed
 
 of
 
 one
 
 of a number of claims, or one of multiple parties.” ’
 
 Tanner v. Alabama Power Co.,
 
 617 So.2d 656, 656 (Ala.1993) (quoting Committee Comments on the 1973 adoption of Rule 54(b)) (emphasis added in Tanner). In other words, for a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party.”
 

 In the present case, it is undisputed that the order from which this appeal was taken did not completely dispose of any of the substantive claims in this case, nor did the order fully dispose of the claims as they relate to at least one party. The trial court determined only that DoubleCase was Banyan’s mere instrumentality or alter ego and that, as a result, any liability attributable to DoubleCase would also be borne by Banyan and that Banyan was a party to Leithead’s employment contract with DoubleCase. The trial court’s decision, however, does not determine whether DoubleCase or Banyan is liable for the alleged breach of contract.
 

 Accordingly, the trial court erred in certifying its partial summary judgment on the breach-of-contract claim as final pursuant to Rule 54(b), Ala. R. Civ. P. “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.”
 
 Powell v. Republic Nat’l Life Ins. Co.,
 
 293 Ala. 101, 102, 300 So.2d 359, 360 (1974).
 

 APPEAL DISMISSED.
 

 COBB, C.J., and WOODALL, SMITH, PARKER, and SHAW, JJ., concur.