THOMPSON, Presiding Judge.
Gary L. Ricks appeals from a judgment of the Colbert Circuit Court denying his motions to stay a garnishment and to dismiss that garnishment.
On July 29, 2013, 1st Franklin Financial Corporation ("the bank") obtained a judgment ("the bankruptcy judgment") in the United States Bankruptcy Court for the Northern District of Alabama against Ricks in the amount of $20,977. The bankruptcy judgment included $6,700 in compensatory damages, $6,700 in punitive damages, a $6,750 attorney fee, and costs of $827. The bankruptcy judgment specified that it was nondischargeable pursuant to 11 U.S.C. § 523(a)(6). From the record, we are unable to discern the specific allegations the bank made against Ricks in the "adversary proceeding" between them, other than a statement from the bank that the punitive-damages award resulted "from Ricks's willful and malicious injury to" the bank.
On October 1, 2013, the bank submitted a notice of filing a foreign judgment in the circuit-court clerk's office. Thereafter, the bank filed a process of garnishment in the circuit court, and a writ of garnishment was issued to Ricks's employer on November 26, 2013. Pursuant to the writ of garnishment, 25% of Ricks's disposable earnings *488 each week was to be withheld until the bankruptcy judgment was satisfied.
On December 10, 2013, Ricks filed a declaration and claim of exemption and attached an inventory of his property, which included his residence, a 2004 Dodge Ram pickup truck, a 2008 Lincoln MKZ automobile, and unitemized "household goods and appliances" that Ricks valued at $1,200. Substantial balances were still owed on the residence and the two vehicles. He also claimed his wages were exempt from garnishment. The bank contested the declaration and claim of exemption, asserting that Ricks had previously represented the value of his assets as being higher than he did in seeking the exemption. On February 21, 2014, after a hearing on the matter, the circuit court entered a judgment granting Ricks's declaration and claim of exemption "only to the extent that [Ricks] has asserted an exemption as to personal property in household goods and appliances of $1,200." The circuit court determined that Ricks was entitled to exempt from execution $1,000 in personal property pursuant to § 204 of Article X of the Alabama Constitution.[1] The circuit court determined that Ricks was entitled to an exemption of the remaining $200 pursuant to § 6-10-6, Ala. Code 1975.[2]
Because Ricks had exhausted the $1,000 personal-property exemption to which he was entitled under § 204 through his "household goods and appliances," the circuit court stated, there was "no need for further inquiry as to [Ricks's] remaining personal property," including wages. The circuit court then granted the bank's contest of Ricks's declaration and claim of exemption and denied the declaration and claim of exemption "as to all remaining matters" and stated that the declaration and claim of exemption "shall not interfere with or prevent the operation of [the bank's] garnishment of [Ricks's] wages," subject to the limits of the law. Ricks did not appeal or otherwise seek review of the February 2014 judgment.
However, approximately two months later, on April 30, 2014, Ricks filed a second declaration and claim of exemption, which was dated March 1, 2014 ("the second exemption"). The inventory of personal property he attached to the second exemption included only his wages. The bank contested the second exemption. A second hearing was held, and on June 30, 2014, the circuit court entered an order finding that the second exemption was procedurally defective because it did not meet the statutory requirements of § 6-10-29, Ala. Code 1975; because it failed to provide an inventory; because a full and complete inventory of all Ricks's assets had not been provided to the bank within the time required by § 6-10-29 ; and because it did not include a valid notary attestation. Accordingly, the circuit court denied the second exemption *489 and granted the bank's contest. The circuit court also ordered Ricks to "refrain from submitting any further claims of exemption to this court unless such claims are strictly compliant with Ala. Code (1975), § 6-10-29 and supported by sworn statement(s) evidencing a material change in Ricks's financial situation." The record does not indicate that Ricks appealed or otherwise sought review of the June 2014 order.
On July 25, 2017, Ricks filed a third declaration and claim of exemption ("the third exemption"). In the third exemption, Ricks claimed that all of his net wages, which, he said, amounted to $970 every two weeks, were exempt from garnishment. He also stated that all of his income was used to pay current expenses necessary to support his family and himself. Ricks stated that he did not have an accumulation of wages from paycheck to paycheck. Ricks also set forth an itemized list of personal property other than wages that he said was for inventory purposes only.
The bank filed its contest of the third exemption on August 2, 2017. In response, Ricks filed a motion to stay the garnishment and a motion to dismiss the garnishment, arguing, among other things, that his claim of exemption of his wages from garnishment was proper. A hearing was held on the matter, and, on October 3, 2017, the circuit court denied Ricks's motion to dismiss the garnishment, without explanation. By separate order, issued the same day, the circuit court denied Ricks's motion to stay the garnishment.
Ricks filed a purported motion to alter, amend, or vacate, the October 2017 orders. As discussed below, we conclude that the October 2017 orders were not final, and a motion to alter, amend, or vacate can be made only in reference to a final judgment. Rule 59(b), Ala. R. Civ. P ; Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala. 2003). Nonetheless, had the motion been filed in response to a final judgment, it would have been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P., and Ricks's notice of appeal would have been timely.
Neither party has raised the issue of this court's jurisdiction over this appeal. However, it is well settled that
" 'jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.' Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987). The question whether a judgment is final is a jurisdictional question, and the reviewing court, on a determination that the judgment is not final, has a duty to dismiss the case. See Jim Walter Homes, Inc. v. Holman, 373 So.2d 869, 871 (Ala. Civ. App. 1979)....
"Our Supreme Court has defined a final judgment as
" 'a terminative decision by a court of competent jurisdiction which demonstrates there has been complete adjudication of all matters in controversy between the litigants within the cognizance of that court. That is, it must be conclusive and certain in itself....'
" Jewell v. Jackson & Whitsitt Cotton Co., 331 So.2d 623, 625 (Ala. 1976)."
Hubbard v. Hubbard, 935 So.2d 1191, 1192 (Ala. Civ. App. 2006).
Rule 58(b), Ala. R. Civ. P., defines a judgment as one that, among other things, "indicates an intention to adjudicate, considering the whole record, and ... indicates the substance of the adjudication." In this case, the circuit court's orders of October 3, 2017, denied Ricks's motions to stay the garnishment and to dismiss the garnishment. In his motion to dismiss the garnishment, Ricks requested that the previously issued writ of garnishment be dismissed and that the wages that *490 had been withheld as a result of that writ be returned to him. From the record before us, we cannot conclude that the October 3, 2017, orders addressed Ricks's third exemption requesting that his current wages be exempt from garnishment or that the bank's objection to the third exemption was granted or denied. In other words, there is no indication in the October 3, 2017, orders to indicate an intention to adjudicate the third exemption and the objection to the third exemption. To find such an intention, this court would be required to read more into the orders than is set forth.
Accordingly, we find that there is no final judgment that would support an appeal. " 'When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.' " Young v. Sandlin, 703 So.2d 1005, 1008 (Ala. Civ. App. 1997) (quoting Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974) ). Therefore, the appeal is dismissed.
APPEAL DISMISSED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

Section 204 provides:
"The personal property of any resident of this state to the value of one thousand dollars, to be selected by such resident, shall be exempt from sale or execution, or other process of any court, issued for the collection of any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight or after the ratification of this Constitution."

Section 6-10-6 provides:
"The personal property of such resident, except for wages, salaries, or other compensation, to the extent of the resident's interest therein, to the amount of seven thousand five hundred dollars ($7,500) in value, to be selected by him or her, and, in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures and all books used in the family shall also be exempt from levy and sale under execution or other process for the collection of debts. No wages, salaries, or other compensation shall be exempt except as provided in Section 5-19-15 or Section 6-10-7[, Ala. Code 1975]."