EMBRY, Justice.
This case involves an abortive attempt by the appellant/defendant, Clyde W. Galloway, to appeal from an order by the Circuit Court of Geneva County granting a rehearing concerning the definition of a term defined in a preliminary injunction issued by that court. We dismiss the appeal.
The disposition of this appeal hinges on this question: Can an appeal be taken from the granting of a rehearing to reconsider the appropriateness of a phrase contained within an interlocutory order granting a preliminary injunction under the authority of Code 1975, § 12-22-10? We answer the question in the negative and dismiss the appeal.
Appellees/plaintiffs, Fern Arnold, Inez Arnold, and Fern Arnold, d/b/a Arnold Lumber Company, sold Galloway certain real property, reserving the “merchantable timber” on it and reserving the right to remove the timber within one year. Galloway interferred with appellees’/plaintiffs’ removal of the timber before the termination of the one year period. Appel-lees/plaintiffs filed this action, asking for an injunction prohibiting Galloway from interfering with the removal of the timber, and giving appellees/plaintiffs additional time to compensate for time lost by Galloway’s previous interference. Galloway counterclaimed, requesting the trial court to enjoin appellees/plaintiffs from cutting *1351 the timber, and asking he be awarded damages of $7,500 for alleged injury to the land.
The trial court held a hearing and on January 9, 1979, granted a preliminary injunction which ordered: (1) Galloway be restrained and enjoined from preventing or interfering with appellees’/plaintiffs’ right to remove “ * * * that timber which is suitable for being manufactured into lumber for buildings and like purposes * * ” from the land in dispute; (2) appel-lees/plaintiffs have the right to enter the land for the purpose of removing the above described timber; (3) appellees/plaintiffs post a $10,000 bond conditioned upon their paying to Galloway such costs and damages as may be incurred by Galloway as a result of the plaintiffs’/appellees’ damaging the lands of the defendant; and (4) appel-lees/plaintiffs be given forty (40) additional days to remove the timber.
Subsequent to the interlocutory order, ap-pellees/plaintiffs filed a motion requesting the trial court to order a “new trial (rehearing)” for the purpose of considering “extraneous evidence relating to a determination of the meaning of the phrase ‘merchantable timber’ as used in the deed.” The trial court granted the motion. From the trial court’s order granting a rehearing, Galloway appeals. In response, plaintiffs/appel-lees filed a motion requesting us to dismiss the appeal on the ground that the order granting a rehearing is not appealable.
Code 1975, § 12-22-10, specifically grants the right to appeal “from an order granting or refusing a motion for new trial.” In this case, however, there was no granting of a new trial, even though appellants/defendants captioned their motion to that effect. The trial court in actuality merely granted another hearing to consider the appropriateness of certain language used in its order granting the preliminary injunction. The original hearing, which culminated in the issuance of the preliminary injunction, was not a final hearing that was to be disposi-tive of any of the issues involved in the case; hence, when the judge granted a motion for rehearing, he was not granting a “new trial” as contemplated in § 12-22-10. Since there had been no final hearing as to any issue, there could be no new trial ordered.
Prior to the adoption of the Rules of Civil Procedure, this court did not allow an appeal of the grant or denial of an application for rehearing of an order or decree in equity, unless the order granting or denying the application for rehearing modified the decree itself. Former Equity Rule 62; Whiteport v. Whiteport, 283 Ala. 704, 220 So.2d 891 (1969); Smith v. Southeastern Real Estate Corp., 273 Ala. 315, 139 So.2d 590 (1962). This court held in Wilhoite v. Nelson, 294 Ala. 523, 319 So.2d 265 (1975), that the Equity Rules were superseded by the Rules of Civil Procedure; therefore, the granting or denial of a motion for new trial could be a ground for appeal in equity cases as well as in cases at law. We do not, however, find that the new Rules of Civil Procedure authorize this court, under Code 1975, § 12-22-10, to review a grant or denial of an application for rehearing of an interlocutory order where there has been no final adjudication of any determinative issue in the case. Such a finding would be in derogation of the principles of finality expressed in such rules as Rule 54, ARCP. See Moody v. State ex rel. Payne, 351 So.2d 547 (Ala.1977).
For the stated reasons this appeal should be, and is, hereby, dismissed.
APPEAL DISMISSED.
TORBERT, C. J. and BLOODWORTH, FAULKNER and ALMON, JJ., concur.