ROBERTSON, Presiding Judge.
Danny H. Jordan (“the former husband”) appeals from an order of the Monroe County Circuit Court denying his petition to reopen a judgment divorcing him from Linda M. Jordan (“the former wife”). That order, among other things, declared him to be the father of two children born to the former wife during the parties’ marriage, but it did not adjudicate the former wife’s pending counterclaim for modification of his child support obligation. Because the appeal was not taken from a “final judgment,” see § 12-22-2, Ala.Code 1975, we dismiss the appeal.
In December 1995, the parties were divorced. The divorce judgment incorporated a stipulation and agreement of the parties. In the incorporated stipulation and agreement, the former husband acknowledged paternity of two children bom to the former wife during the parties’ marriage. In April 1997, the former husband filed what he called a “Motion to Alter, Vacate or Amend” the divorce judgment, alleging, among other things, that he was not the biological father of the two children born during the parties’ marriage and that he was in possession of scientific evidence reflecting that “it is highly improbable if not impossible that [he] could be the biological father of said children.” The former wife responded to the “motion,” asserting that it failed to state a claim and counterclaiming for modification of child support. After a hearing, the trial'court denied the former husband’s “Motion to Alter, Vacate or Amend,” and the husband appealed.
Because the former wife’s counterclaim for a modification of the former husband’s child support obligation remained pending in the trial court, the ruling on the former husband’s motion was not a final judgment. See Rule 54(b), Ala.R.Civ.P. Therefore, this court remanded the case for 21 days for entry of an order in compliance with Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996). On the 21st day, the trial court issued the following form order:
“This cause having been set for ... (/)hearing, concerning the following matter: On Remand , on (/)this date ... and the Court, having heard: (/)argument *823 from the attorneys representing the parties, takes the following action:
[[Image here]]
“(/) The Court enters the following Order: Final Order
Over three weeks later, the trial court entered a second order that purports to make the following “findings”: (1) that the parties agree that the order denying the former husband’s “Motion to Alter, Vacate or Amend” should be certified as final; and (2) that a final decision should be made before the court conducts other proceedings in the case.
In Brown, this court stated:
“Appellate review in a piecemeal fashion is not favored, and trial courts should certify a judgment as final, pursuant to Rule 54(b), only in a case where the failure to do so might have a harsh effect. Consequently, a party who seeks immediate appellate review of a judgment which does not adjudicate all of the claims and/or all of the parties must make a showing as to why it is necessary that appellate review of that particular judgment be conducted prior to adjudication of the entire ease.

“In addition, the trial court, in its order, should list the factors which it considered in reaching its decision regarding whether to certify the judgment, pursuant to Rule 54-(b), in order that the appellate court is better equipped to review the trial court’s action.

“Stated another way, in making the determination as to whether a judgment should be certified under Rule 54(b), the trial court should consider any factor that is relevant to that particular case and should list the factors considered in making its determination. The trial court should consider all factors, in addition to the fact that multiple parties and/or multiple claims were involved, that there has been a final decision as to one of the claims and/or the rights and responsibilities of one of the parties, and that there is ‘no just reason for delay.’ The trial court should indicate why it considers that there is ‘no just reason for delay.’ Hereafter, if a trial court should fail to list the factors considered, then the case will be returned so that the trial court can list those factors.”
Brovm, 681 So.2d at 229 (emphasis added; citations omitted).
The trial court was expressly directed to comply with the procedures established in Brown, but both of its cursory orders on remand fall short of what Brown requires. Moreover, neither party has demonstrated why immediate appellate review of the judgment is necessary. Accordingly, we dismiss the former husband’s appeal for lack of finality. See Wallace v. Tee Jays Mfg. Co., 689 So.2d 210 (Ala.Civ.App.1997).
APPEAL DISMISSED.
YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.'
CRAWLEY, J., dissents.