SMITH, Justice.
 

 Tim Woods, Connie Woods, James Har-land, Millie M. Harland, J.C. Pugh, and Bonnie Pugh (hereinafter referred to collectively as “the appellees”) and 20 other individuals and entities sued New Acton Coal Mining Company, Inc. (“New Acton”), in the Walker Circuit Court seeking damages for injury to their properties resulting from New Acton’s blasting operations. At the conclusion of a separate jury trial on the appellees’ claims against New Acton, the jury returned a verdict in favor of the appellees. The appellees, however, moved for a new trial arguing that the damages award was tainted by juror misconduct and was inadequate in light of the evidence they had presented at trial. The trial court granted the appellees’ motion, and New Acton appeals. We dismiss the appeal.
 

 Facts and Procedural History
 

 Twenty-six individuals and entities owning property near New Acton’s mining operations in Walker County (hereinafter referred to collectively as “the plaintiffs”) sued New Acton, alleging that New Acton’s blasting operations had damaged their properties, diminished the value of their properties, and caused them to suffer
 
 *183
 
 mental anguish.
 
 [1]
 
 Because of the number of plaintiffs, New Acton moved the trial court to break the action into separate trials under Rule 42(b), Ala. R. Civ. P.
 
 [2]
 
 In the motion, New Acton asserted that this action involves 13 sets of plaintiffs owning varying types of properties scattered over a wide area and that 13 separate trials were warranted for the convenience of the trial court and to avoid prejudice to the parties. The trial court denied the motion. New Acton then moved for reconsideration of the trial court’s denial of its motion for separate trials. Pursuant to that motion, the trial court then granted the motion for separate trials.
 

 First, plaintiffs Jack Clark and Martha Clark tried their claims against New Acton to a jury. The jury returned a verdict in favor of New Acton, and, on April 17, 2008, the trial court entered a judgment on the jury’s verdict. The Clarks then filed a motion for a new trial, which the trial court denied.
 

 The appellees then tried their claims against New Acton to a jury. On January 20, 2009, the jury returned the following verdicts: $27,500 for Tim Woods and Connie Woods; $20,000 for James Harland and Millie M. Harland; and $15,000 for J.C. Pugh and Bonnie Pugh. The appellees then filed a motion styled “Motion to Vacate Jury Verdict, for New Trial, for Judgment Notwithstanding the Verdict, for Mistrial, or for Such Other Relief as may be Appropriate Under the Circumstances” under Rule 59, Ala. R. Civ. P. On April 17, 2009, the trial court entered an order granting the appellees’ request for a new trial. New Acton now appeals from that order, arguing that in ordering a new trial the trial court exceeded its discretion.
 

 Discussion
 

 Before addressing the issues New Acton raises before this Court, we must consider whether we have jurisdiction over this action.
 

 “A court is obligated to vigilantly protect against deciding cases over which it has no jurisdiction because ‘[i]t would amount to usurpation and oppression for a court to interfere in a matter over which it has no jurisdiction, and its pronouncements in respect thereto would be without force, and its decrees and judgments would be wholly void. This is a universal principle, as old as the law itself.’ ”
 

 Crutcher v. Williams,
 
 12 So.3d 631, 635 (Ala.2008) (quoting
 
 Wilkinson v. Henry,
 
 221 Ala. 254, 256, 128 So. 362, 364 (1930)). “ ‘ “As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties..""
 
 North Alabama Elec. Coop. v. New Hope Tel. Coop.,
 
 7 So.3d 342, 344 (Ala.2008) (quoting
 
 Powell v. Republic Nat’l Life Ins. Co.,
 
 293 Ala. 101, 102, 300 So.2d 359, 360 (1974), quoting in turn
 
 McGowin Inv. Co. v. Johnstone,
 
 291 Ala. 714, 715, 287 So.2d 835, 836 (1973)).
 

 “ ‘ “An appeal will ordinarily lie only from a final judgment; that is, a judgment that conclusively determines the issues before the court and ascertains
 
 *184
 
 and declares the rights of the parties.”
 
 Palughi v. Dow,
 
 659 So.2d 112, 113 (Ala.1995). For a judgment to be final, it must put an end to the proceedings and leave nothing for further adjudication.
 
 Ex parte Wharfhouse Rest. & Oyster Bar, Inc.,
 
 796 So.2d 316, 320 (Ala.2001). “[Wjithout a final judgment, this Court is without jurisdiction to hear an appeal.”
 
 Cates v. Bush,
 
 293 Ala. 535, 537, 307 So.2d 6, 8 (1975).’ ”
 

 Horn v. Brown,
 
 4 So.3d 1106, 1108 (Ala.2008) (quoting
 
 Hamilton v. Connally,
 
 959 So.2d 640, 642 (Ala.2006)).
 

 New Acton asserts that this Court has jurisdiction over this action under § 12-22-10, Ala.Code 1975, which provides that “[ejither party in a civil case ... may appeal to the appropriate appellate court from an order granting or refusing a motion for a new trial by the circuit court.” We disagree, however, because an appeal under § 12-22-10 may be filed only in reference to a final judgment, and a final judgment was not entered in this action. In
 
 Galloway v. Arnold,
 
 374 So.2d 1350 (Ala.1979), this Court considered whether § 12-22-10 authorizes a party to appeal from an order granting a motion to reconsider an interlocutory order issuing a preliminary injunction. This Court answered the question in the negative and dismissed the appeal, holding:
 

 “We do
 
 not ...
 
 find that the new Rules of Civil Procedure authorize this court, under Code 1975, § 12-22-10, to review a grant or denial of an application for rehearing of an interlocutory order where there has been no final adjudication of any determinative issue in the case. Such a finding would be in derogation of the principles of finality expressed in such rules as Rule 54, [Ala. R. Civ. P.].”
 

 374 So.2d at 1351 (citing
 
 Moody v. State ex rel. Payne,
 
 351 So.2d 547 (Ala.1977)).
 

 The judgment from which the appellees moved for a new trial is a nonfinal judgment because the appellees’ trial was only the second of 13 separate trials in this single action. The record indicates that under Rule 42(b), Ala. R. Civ. P., the trial court granted New Acton’s motion for 13 separate trials, that plaintiffs Jack Clark and Martha Clark tided their claims against New Acton in the first trial, and that the appellees tried their claims against New Acton in the second trial. Thus, from all that appears in the record, the claims of at least 11 plaintiffs are still pending.
 
 [3]
 

 Importantly, the trial court ordered separate trials under Rule 42(b); it did not sever the plaintiffs’ claims under Rule 21, Ala. R. Civ. P.
 
 [4]
 
 A significant distinction
 
 *185
 
 exists between an order separating trials under Rule 42(b) and one severing claims under Rule 21 because “severed claims become independent actions with judgments entered independently, while separate trials lead to one judgment.”
 
 Universal Underwriters Ins. Co. v. East Cent. Alabama Ford-Mercury, Inc.,
 
 574 So.2d 716, 725 (Ala.1990). The Committee Comments adopted February 13, 2004, to Rule 21 explain:
 

 “Confusion has sometimes arisen between a true severance and an order providing for separate trials pursuant to Rule 42(b). The distinction has at least the significance that a judgment on the first of two separate trials is not final, absent an order pursuant to Rule 54(b), Ala. R. Civ. P.,
 
 [5]
 
 while after a true severance a judgment on the first action to come to trial is final and appealable without reference to the proceedings in the severed action.
 
 Key v. Robert M. Duke Ins. Agency,
 
 340 So.2d 781, 783 (Ala.1976). ...”
 

 In
 
 Key v. Robert M. Duke Insurance Agency,
 
 340 So.2d 781, 783 (Ala.1976), this Court advised that “separate trials of different claims in a single action under Rule 42(b) usually result in a single judgment. Consequently, when the court wishes to enter judgment as to fewer than all the claims or parties, in a single action, Rule 54(b)[, Ala. R. Civ. P.,] must be followed.”
 
 See also
 
 10 Charles Alan Wright et al.,
 
 Federal Practice and Procedure,
 
 Civil § 2656 (3d ed.1998) (noting that “the fact that separate trials have been ordered under Rule 42(b) does not affect the finality of the judgment entered following each separate trial for purposes of Rule 54(b)”).
 

 Here, before the appellees moved for a new trial under Rule 59, the trial court did not direct the entry of a final judgment on the appellees’ claims under Rule 54(b), Ala. R. Civ. P. Consequently, the appellees’ motion for a new trial under Rule 59 and New Acton’s appeal of the trial court’s order granting that motion relate to a nonfinal judgment and, therefore, are improper.
 
 See Ex parte Troutman Sanders, LLP,
 
 866 So.2d 547, 550 (Ala.2003) (“‘A Rule 59 motion may be made only in reference to a final judgment or order.’ ” (quoting
 
 Malone v. Gainey,
 
 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999)));
 
 Galloway,
 
 374 So.2d at 1351 (holding that an appeal under § 12-22-10, Ala.Code 1975, is proper only in relation to a final judgment). Accordingly, we vacate the trial court’s order granting a new trial, and we dismiss the appeal.
 

 
 *186
 
 ORDER VACATED; APPEAL DISMISSED.
 

 COBB, C.J., and WOODALL, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . The plaintiffs named in the complaint are R.L. Aaron, Sue Aaron, Clyde Thomas, Jeff Rigsby, Tim Woods, Jack W. Butler, Jack Clark, Martha Clark, Union Chapel United Methodist Church, Jimmy Aaron, Mary Frances Daniel, Dinah Sue Daniel Moon, James Harland, Millie M. Harland, Marie Turner, Karen Inmon, J.C. Pugh, Bonnie Pugh, Jerry Lawson, Brenda Lawson, Russ Haygood, Marie Haygood, Jim Woods, Connie Woods, Kenneth Gamble, and Vanessa Gamble.
 

 [2]
 

 . Rule 42(b) provides that the trial court may order a separate trial of any claim "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy.”
 

 [3]
 

 . The record indicates the following plaintiffs remain: R.L. Aaron; Sue Aaron; Jimmy Aaron; Jack W. Butler; Dinah Sue Daniel Moon as the administratrix of the estate of Mary Frances Daniel; Kenneth Gamble; Vanessa Gamble; Dinah Sue Daniel Moon; Jeff Rigs-by; Marie Turner; and Union Chapel United Methodist Church. The trial court dismissed plaintiffs Jerry Lawson and Brenda Lawson on April 14, 2003. The trial court dismissed plaintiffs Clyde Thomas, Jim Woods, Russ Haygood, and Marie Haygood on April 30, 2003. New Acton moved to dismiss plaintiff Karen Inmon, but the record is unclear as to whether the trial court has ever granted this motion.
 

 [4]
 

 . Rule 21, Ala. R. Civ. P., provides, in pertinent part: "Any claim against a party may be severed and proceeded with separately.” We note that New Acton’s six-page motion asking the trial court to reconsider its denial of New Acton’s "Motion for Separate Trials” includes one reference to "severance of the claims,” stating: "There does, however, exist a strong and convincing argument for severance of the claims — there is a significant possibility for prejudice against [New Acton].” However, the motion makes no reference to Rule 21, and New Acton's prayer for relief states:
 

 “Wherefore, premises considered and pursuant to
 
 Rule 42(b)
 
 of the Alabama Rules
 
 *185
 
 of Civil. Procedure, defendant [New Acton] respectfully requests this Court enter an Order granting its Motion to Reconsider its Motion for Separate Trials and order the plaintiffs' claims to be tried by jury in separate and individual trials.”
 

 (Emphasis added.) In addition, New Acton’s “Motion for Separate Trials” makes no reference to severing the plaintiffs’ claims or to Rule 21, and the record does not indicate that the clerk docketed severed claims with new civil-action case numbers. The Committee Comments adopted February 13, 2004, to Rule 21 advise:
 

 "To avoid ambiguity at the time of bifurcation and later uncertainty as to finality, a party seeking a severance or a separate trial should request that the court make clear whether a Rule 21 severance or a Rule 42(b) separate trial is intended.
 
 Opinion of the Clerk,
 
 526 So.2d 584, 586 (Ala.1988), expressed the clerk’s opinion that the plaintiff in the severed action should pay a filing fee '[w]here a "true” severance under Rule 21 is ordered and the clerk dockets a separate case with a new civil action number.’ ”
 

 [5]
 

 5. "Rule 54(b) allows the court to direct the entry of a final judgment as to one or more of the claims, if it makes the express determination that there is no just reason for delay.”
 
 Grantham v. Vanderzyl,
 
 802 So.2d 1077, 1080 (Ala.2001).