On Application for Rehearing

THOMAS, Judge.
The opinion of February 3, 2012, is withdrawn, and the following is substituted therefor.
Daniel Warren (“the father”) and Carol Warren (“the mother”) were divorced in August 2000. The parties’ separation agreement was incorporated into the divorce judgment. According to the divorce judgment, the father “agree[d] to pay all reasonable college costs for the parties’ minor child.”
In February 2008, before the parties’ child graduated from high school, the mother filed a petition seeking to hold the father in contempt for failing to pay expenses associated with the child’s acceptance to Troy University, including the fee incurred for her college-admission testing, registration expenses, and “other expenses associated with college costs.” The mother further sought to have the father “pay in advance of each semester a sum of money equal to the average cost of attendance for an in state student at Troy University.”
The father answered the mother’s petition and filed a counterclaim, requesting that the trial court modify the postminority-educational-support provision in the divorce judgment because the father had lost the job he had held at the time of the divorce and his income had been drastically reduced as a result. The father also requested that both parents be required to pay a portion of the child’s college expenses, that the mother and the child be required to seek financial aid, that the award of postminority educational support be limited to the attainment of a bachelor’s degree within five years, that the child be required to be a full-time student and to earn at least a “C” average, and that the amount of support be limited to the cost of tuition, room and board, and activity fees at a state-supported college.
The case was first set for a hearing in August 2009. On that date, however, the case was not called for trial, so the trial court entered an order on October 26, 2009, requiring the father to pay $650 per month toward the child’s college expenses pending the trial on the matter. The case was apparently set for trial on October 4, *394 2010, after which, on February 10, 2011, the trial court entered an order stating: “The Parties consented to entry of judgment against [the father] for the matters alleged in the petition. Judgment is hereby rendered against [the father] in the amount of $74,821.74 for which execution may issue.”
The father filed a motion, purportedly pursuant to Rule 59, Ala. R. Civ. P., seeking to have the February 2011 order set aside; in that motion he denied having consented to the entry of an order against him.[1] In his motion, the father further alleged that his counsel and counsel for the mother had discussed the amount the father owed and that they had not been able to agree on an amount due. However, the father alleged, counsel for the mother had delivered a proposed order to the trial court on February 9, 2011, without specifying that the father had objected to the proposed order. According to the father, when his counsel arrived at the courthouse on February 11, 2011, to file a formal objection to the proposed order, the clerk’s office informed her that the trial court had already entered the proposed order filed by the mother’s counsel as its order.
In his motion, the father also complained that the amount of postminority educational support he was ordered to pay was not supported by any evidence because the only “evidence” presented to support the amount was a list of expenses submitted by the mother as an exhibit to her proposed order.[2] The father said that he had objected to some of those expenses listed by the mother as either not being actual college-related expenses (e.g., the amount of money the automobile for the child purportedly would cost, although the mother had allegedly given the automobile to the child) or being exorbitant or unsupported by documentation (e.g., an alleged $250 per week charge for “miscellaneous expenses, including gasoline, food, clothing, and supplies,” although the mother had already listed “Mise. Supplies” totaling $4,526.09). To support his claim that the nearly $75,000 he was ordered to pay was unreasonable, the father presented documentary evidence that, he contended, indicated that the reasonable cost of tuition, room and board, books and supplies, and other expenses for attending Troy University totaled $14,700 per year. According to the father, he had earned only $87,087.22 in 2010, an amount that is less than half the amount of postminority educational support the trial court ordered the father to pay in the February 2011 order. The father further requested credits against the amount of postminority educational expenses he was required to pay. Finally, the father requested that the trial court set aside the February 2011 order and hold an evidentiary hearing on the matter.
The trial court denied the father the relief he requested in his motion. The trial court did, however, remove the sentence in the February 2011 order that indicated that the father had consented to the order. The father appeals.
*395 Before we may consider the arguments presented by the father on appeal, we must first consider whether we have jurisdiction over this appeal. This court can notice a jurisdictional issue ex mero motu. See J. Bryant, LLC v. City of Birmingham, 23 So.3d 675, 677 (Ala.Civ.App.2009) (citing Ruzic v. State ex rel. Thornton, 866 So.2d 564, 568-69 (Ala.Civ.App.2003), abrogated on other grounds by F.G. v. State Dep’t of Human Res., 988 So.2d 555 (Ala.Civ.App.2007)). Generally, an appeal may be taken only from a final judgment. Ala.Code 1975, § 12-22-2. A final judgment is “one that conclusively determines the issues before the court and ascertains and declares the rights of the parties involved.” Bean v. Craig, 557 So.2d 1249, 1253 (Ala.1990).[3]
As noted above, in response to the mother’s contempt petition, the father filed a counterclaim seeking a modification of the postminority-educational-expense provision of the parties’ divorce judgment. The trial court ordered the father to pay $74,821.74 in postminority educational support based on the allegations contained in the mother’s contempt petition. However, the trial court failed to address the father’s request for a modification of his postmi-nority-educational-support obligation in the February 2011 order.[4] See Jordan v. Jordan, 717 So.2d 822, 822 (Ala.Civ.App.1998) (dismissing an appeal from a judgment adjudicating a father’s. claim to reopen a divorce judgment but failing to adjudicate the mother’s counterclaim seeking a child-support modification). Because the trial court’s February 2011 order does not “conclusively determine[] the issues before the court and ascertain[ ] and de-claren the rights of the parties,” Bean, *396 557 So.2d at 1253, we must dismiss the appeal as having been taken from a nonfi-nal judgment.
 Although a trial court may certify an order deciding fewer than all the pending claims or resolving the issues involving fewer than all the parties as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., we do not believe that a Rule 54(b) certification would be appropriate in the present case. Because the trial court is permitted to make any modification of the father’s postminority-educational-support obligation retroactive to the date he filed his counterclaim seeking a modification, see King v. Barnes, 54 So.3d 900, 905 (Ala.Civ.App.2010), and Fielding v. Fielding, 843 So.2d 766, 769 (Ala.Civ.App.2002),[5] which would impact the amount of postmi-nority educational support that the father was responsible for paying between the date of the filing of his counterclaim and the date of the February 2011 order, we may not simply remand this cause with instructions that the trial court consider certifying the February 2011 order as final without incurring the risk of inconsistent results. Instead, we dismiss the appeal so that the trial court can properly adjudicate the pending counterclaim seeking modification of the father’s postminority-edu-cational-support obligation by holding a trial on the merits of that counterclaim and, if necessary, adjust the amount of postminority educational support awarded in the February 2011 order.[6]
The mother’s request for an attorney fee on appeal is denied.
APPLICATION OVERRULED; OPINION OF FEBRUARY 3, 2012, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Because the February 10, 2011, order was not a final judgment because it failed to resolve the father’s counterclaim seeking a modification of his postminority-educational-support obligation, see discussion, infra, the father's motion was not a Rule 59 motion, which type of motion can be directed only to a final judgment. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala.2003) (quoting Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999)).

. Both parties agree on appeal that the trial court took no testimony and was presented no documentary evidence at any time during the pendency of this proceeding regarding either the postminority educational expenses anticipated to be incurred, or actually incurred, by the child or the father's ability to pay.

. The primary exception to the requirement that an appeal be taken from a final judgment is when a trial court has certified a judgment deciding fewer than all the pending claims or resolving the issues involving fewer than all the parties as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. See Bean, 557 So.2d at 1253.

. The mother argues in her application for a rehearing that the trial court's denial of the father’s motion seeking reconsideration of the February 2011 order resulted in a denial of the father’s counterclaim seeking modification of his postminority-educational-support obligation. She argues that because the trial court was permitted to accord the proper relief to the parties based on the evidence presented, see, generally, Rule 54(c), Ala. R. Civ. P. (permitting a trial court to accord a party the relief called for by the evidence at trial even when a party has not specifically requested such relief), we must presume that the trial court denied the father’s request for modification of his postminority-educational-support obligation when it denied the motion to reconsider the February 2011 order. We are not convinced by the mother’s argument.
A trial court is permitted to enter an order resolving less than all the claims before it; an order resolving fewer than all the claims before the court is not a final judgment unless certified as such by the trial court. See Rule 54(b), Ala. R. Civ. P. An interlocutory order may be reconsidered by a trial court on its own motion or on the motion of any party at any time before entry of a final judgment. Lanier v. Surrett, 772 So.2d 1187, 1188 (Ala.Civ.App.2000) ("An interlocutory order is subject to revision at any time before the court enters a final judgment that disposes of all the issues.”). The mother contends that the fact that the trial court denied the father's motion seeking reconsideration of the February 2011 ■ order renders that interlocutory order final because the trial court again failed to address the father’s claim for modification. The trial court clearly left the father's modification claim pending by failing to address it in the February 2011 order; its continued failure to address that same claim by not mentioning it when denying the motion to reconsider the February 2011 order does not have the effect of denying the father’s modification request. If it did, every interlocutory order that a trial court revisits at the behest of a party would become final if the trial court denied the request for reconsideration. The fact that the father included a "prayer for general relief” in his motion seeking reconsideration of the February 2011 order has no effect on our reasoning.

. We note that we have required retroactive application of postminority-educational-sup-port orders since Bayliss v. Bayliss, 575 So.2d 1117 (Ala.Civ.App.1990), was decided.

. The trial court's failure to address the father’s counterclaim for modification of his postminority-educational-support obligation may have been prompted by its belief that the mother could choose between enforcing the settlement agreement between her and the father or seeking enforcement of the divorce judgment through a contempt petition, a choice to which the father refers in his motion seeking reconsideration of the February 2011 order. However, a settlement agreement incorporated into a divorce judgment, like the one in the present case, loses its contractual nature, is subsumed into the divorce judgment, and must be enforced like any other judgment. Turenne v. Turenne, 884 So.2d 844, 848 (Ala.2003); East v. East, 395 So.2d 78 (Ala.Civ.App.1980) (explaining that, if an agreement is not merged into a judgment, the agreement may be enforced by a civil action but that, if an agreement is merged into a judgment, only the judgment may be enforced); Thomas v. Campbell, 960 So.2d 694, 697 (Ala.Civ.App.2006) (quoting Ralls v. Ralls, 383 So.2d 857, 859 (Ala.Civ.App.1980), overruled on other grounds, Ex parte Bayliss, 550 So.2d 986, 994 (Ala.1989)) ("Rather, the trial court's consideration of a petition to modify such an undertaking is governed by the principle that ‘an agreement between the parties fixing child support payments, when incorporated into a judgment, becomes merged into the judgment and thereby loses its contractual nature to the extent that a court of equity has the power to modify the decree when changed circumstances so justify.' ”); see also Lindenmuth v. Lindenmuth, 66 So.3d 267 (Ala.Civ.App.2010). Thus, the mother must seek to enforce the father's postminority-educational-support obligation through a contempt petition, and the father is entitled to seek a modification of his postminority-educational-support obligation in response to her contempt petition.