DONALDSON, Judge.
Alex Simpson, Jr., appeals from a judgment of the Calhoun Circuit Court (“the trial court”) in which the trial court partitioned parcels of real estate located in Calhoun County among Alex Simpson and Amanda Simpson Fowler, Gerald C. Fowler, John T. Simpson, Ruth S. Sullivan, Sam Paul Simpson, Jr., and Robbie S. Diamond (hereinafter referred to collectively as “the defendants”). Because the judgment appealed from is not final, we dismiss the appeal.
At issue in this appeal are three parcels of real property located near the Coosa River in Calhoun County, which have been identified by the parties and the trial court as Tract No. 1, Tract No. 2, and Tract No. 3 (hereinafter sometimes referred to collectively as “the Simpson estate”). The parties all claim an ownership interest in the Simpson estate. In its judgment, the trial court provided the following factual background concerning the Simpson estate:
“Defendant Ruth [S.] Sullivan, who is an attorney, a member of the Simpson family and a cotenant of the subject property, attempted to reach a resolution for an equitable division of the property for all parties. To that end and by agreement, she engaged the services of surveyor James W. Barry, Sr., who surveyed the lands and drafted a plat on June 16, 2007. The survey divided the lands into three tracts, and at the bottom of the survey, each tract contained the names of the respective cotenants. Tract No. 1 had the name of Robbie Simpson Diamond. Tract No. 2 had the names of Ruth Simpson Sullivan and Sam Paul Simpson, Jr., and Tract No. 3 had the names of Amanda Simpson Fowler, Gerald Curtis Fowler, Alex R. Simpson, Jr., and John T. Simpson.
“Ruth Sullivan presented the survey to each cotenant with the notation that it established only the exterior lines and did not mean it was an agreement to any ... interest. All parties signed the survey under their respective names and tract numbers. Thereafter, Mr. Barry was employed to resurvey the property and equitably divide the land according to each owner’s respective interest. He did so and the survey was completed on November 23, 2009. The survey and property descriptions provided by him set forth [Alex Simpson’s portion of Tract No. 3] along the waterfront where *1033 the land had been improved with a slew, a boat dock and a drilled well. The property was likewise accessible by road. As noted by Mr. Barry on his survey and by his testimony in Court, the other properties outside of Tract No. 3 were unimproved with much of it covered by beaver dams and undergrowth. He testified that he used his land records and prior survey when dividing the property in a manner [that] he believed to be fair to all. He noted that he used landmarks on the ground showing previous use as a guide to survey the division.”
After the survey was completed, the parties were unable to reach an agreement to partition the Simpson estate. Alex Simpson disputed the surveyor’s conclusion that Robbie S. Diamond was the sole owner of Tract No. 1 and that Ruth S. Sullivan and Sam Paul Simpson, Jr., owned Tract No. 2.He claimed that he had a 1/12 ownership interest in the entire Simpson estate, not just Tract No. 3.
A fourth tract of land (“Tract No. 4”) located near the Simpson estate was also at issue before the trial court. Alex Simpson contended that he also had an ownership interest in Tract No. 4 as a tenant in common with Amanda Simpson Fowler, Gerald C. Fowler, John T. Simpson, and Robbie S. Diamond. There is no indication in the record that Barry surveyed Tract No. 4.
On July 15, 2011, Alex Simpson filed a complaint in the trial court to establish the respective interests of the parties to the Simpson estate and to Tract No. 4. Alex Simpson further requested that the trial court partition the land. The caption of the complaint named the defendants and also listed the four separate tracts of property as defendants. In the complaint, Alex Simpson alleged:
“1. This action is brought pursuant to the Code of Alabama, 1975, as amended § 35-6-20, et seq.
“2. That the Defendants herein are the lands described in the caption to this Complaint and the individually named Defendants, all of whom are of legal age and are tenants in common in the land set forth in the caption to this Complaint. Said lands are situated in Calhoun County, Alabama. Plaintiff is not aware of any other persons claiming an ownership interest in this property not individually named herein as a Defendant.
“3. A dispute has arisen between the parties with respect to the fractional interest of each, which Plaintiff asks the Court to determine and establish their respective interest in and to the lands and thereafter to equitably partition same.
“4. Plaintiff avers that the parties own the following fractional interest in said properties:
“[Tract No.] 1:
Alex R. Simpson, Jr., a 8.33% interest
Amanda S. Fowler & Gerald C. Fowler, jointly, a 8.33% interest
John T. Simpson, a 8.33% interest
Ruth Sullivan, a 25% interest
Sam Paul Simpson, Jr., a 25% interest
Robbie S. Diamond, a 25% interest
“[Tract No.] 2:
Alex R. Simpson, Jr., a 8.33% interest
Amanda S. Fowler & Gerald C. Fowler, jointly, a 8.33% interest
John T. Simpson, a 8.33% interest
Ruth Sullivan, a 25% interest
Sam Paul Simpson, Jr., a 25% interest
Robbie S. Diamond, a 25% interest
“[Tract No.] 3:
Alex R. Simpson, Jr., a 8.33% interest
*1034 Amanda S. Fowler & Gerald C. Fowler, jointly, a 8.33% interest
John T. Simpson, a 8.33% interest
Ruth Sullivan, a 25% interest
Sam Paul Simpson, Jr., a 25% interest
Robbie S. Diamond, a 25% interest
“[Tract No.] 4:
Alex R. Simpson, Jr.,, a 16.66% interest
Amanda S. Fowler & Gerald C. Fowler, jointly, a 16.66% interest
John T. Simpson, a 16.66% interest
Ruth Sullivan, a 0% interest
Sam Paul Simpson, Jr., a 0% interest
Robbie S. Diamond, a 50% interest
[[Image here]]
“WHEREFORE, the Plaintiff requests the Court rule by appropriate orders and decrees;
“A. Determine and by decree establish the parties respective interests in the said properties; and
“B. Equitably partition the property allotting to the parties’ appropriate shares of the property; and
“C. Determine and allow a reasonable fee for plaintiff[’]s attorney and tax and assess said fee along with expenses and court costs against the parties according to their respective interests; and
“D. Enter such additional and appropriate orders as may be necessary appointing surveyors, appraisers and assessing and taxing the fees and costs of this action.”
On August 12, 2011, Sam Paul Simpson, Jr., and Ruth S. Sullivan filed a motion pursuant to Rule 21, Ala. R. Civ. P., to sever Alex Simpson’s claims regarding ownership and partition of Tract No. 4 from the claims concerning the Simpson estate because, they stated, they had no ownership interest in Tract No. 4. On August 18, 2011, Sam Paul Simpson, Jr., Ruth S. Sullivan, and Robbie S. Diamond filed a joint answer to the complaint in which they raised various defenses, including that Sam Paul Simpson, Jr., and Ruth S. Sullivan had no interest or title to Tract No. 4, and they also asserted a counterclaim for partition of the Simpson estate. On December 13, 2011, Sam Paul Simpson, Jr., and Ruth S. Sullivan renewed their motion to sever the claims pertaining to Tract No. 4. On June 5, 2012, the trial court entered an order denying the motion to sever; however, the trial court stated in the order that it would “reserv[e] the right to set issues for trial relating to [Tract No. 4] at a separate day and time from that on [the Simpson estate], if necessary.”
The ease proceeded to trial on August 7, 2012. Before taking testimony, the trial court addressed a motion filed by Alex Simpson on August 6, 2012, to “bifurcate” the issues set for trial: •
“THE COURT: Well, at one time we were going to sever it and I denied that. Are we trying all the issues today or are we severing your client off?
“[COUNSEL FOR ROBBIE S. DIAMOND]: What we got as to [Tract No.] 4, according to your complaint, there’s no dispute as to the ownership of that. And we’ve agreed, Judge, to continue that part and have that property appraised. If we can’t resolve it as to how it would be divided or how it would be sold, then we would come back and ask the Court.
“[COUNSEL FOR ALEX SIMPSON]: For clarity in the record, Judge, [Tract No.] 4 is described in the complaint as 172 acres and we agreed that Robbie Diamond has a one half interest and that the remaining half interest is one-sixth each between Amanda Fowler, John T. Simpson, Jr. — no, just John T. Simpson and Alex Simpson, Jr. *1035 It is my understanding, we’ve agreed to that division of that 172 acres and I believe at this time, we’ve agreed to have it appraised and see—
“[COUNSEL FOR DIAMOND]: We haven’t agreed to a division. We’ve agreed to have it appraised.
“[COUNSEL FOR ALEX-SIMPSON]: Right. Agreed to have it appraised. We’ve not yet worked out how to divide it or deal with it.
[[Image here]]
“THE COURT: Do you represent some of the people that are in this Parcel 4 or Tract 4.
“[RUTH SJ SULLIVAN: I do. But I’m not in it myself, nor is my brother[, Sam Paul Simpson, Jr.]. But I represent Robbie [Diamond]....
“THE COURT: Well, you don’t oppose their motion—
“[RUTH SJ SULLIVAN: No. Whatever they agree to is all right with me. I just want to bring that up as far as the tract that I am involved in. It is not on the river.
“THE COURT: Okay.
“[RUTH SJ SULLIVAN: Because it’s fee simple title to Alabama Power Company along the river, all along this property.
“THE COURT: Okay.
“[COUNSEL FOR DIAMOND]: As to [Tract No.] 4, we got to decide where the easements are. We don’t know the value of the property. We don’t know how much timber is on it. We need more time.
“[COUNSEL FOR ALEX SIMPSON]: But we have resolved between ourselves who owns what percentage of that 172 acre tract. So that’s not an issue for the Court today.
“[COUNSEL FOR DIAMOND]: I don’t think if we tried the issue that there would be enough information for you to divide the property.
“[COUNSEL FOR ALEX SIMPSON]: I agree.
“THE COURT: And that’s what the motion for bifurcation is about?
“[COUNSEL FOR ' ALEX SIMPSON]: Yes, sir.
“THE COURT: All right. I’ll grant your motion to bifurcate and to continue the part about Parcel 4 or Tract [No.] 4.”
The trial court entered a written order on August 8, 2012, granting the motion to bifurcate.
On May 14, 2013, the trial court entered an order finding, among other things, that Alex Simpson had no ownership interest in Tract No. 1 or Tract No. 2 of the Simpson estate and that Alex Simpson had a 1/12 ownership interest in Tract No. 3. The trial court concluded that Barry’s survey was “accurate, fair[,] and equitable,” and it proceeded to partition Tract No. 3 among the parties pursuant to their respective ownership interests in that tract, including partitioning 1/12 of it to Alex Simpson. The order was silent as to the claims pertaining to Tract No. 4 and did not contain language purporting to certify it as final pursuant to Rule 54(b), Ala. R. Civ. P. Alex Simpson filed a motion to alter, amend, or vacate the order on June 13, 2013.[1] Alex *1036 Simpson filed a notice of appeal to our supreme court on October 7, 2013. The supreme court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Alex Simpson contends that the trial court failed to determine what specific parcels were subject to partition and that the trial court erred when it partitioned any parcel without evidence of value. As a threshold matter, however, we must determine whether this court has jurisdiction over Alex Simpson’s appeal.
“ ‘[JJurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal. Hamilton ex rel. Slate-Hamilton v. Connally, 959 So.2d 640, 642 (Ala.2006). A judgment is not final if it fails to completely adjudicate all issues between the parties. Giardina v. Giardina, 39 So.3d 204, 207 (Ala.Civ.App.2009) (citing Butler v. Phillips, 3 So.3d 922, 925 (Ala.Civ.App.2008)).”
Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010). “An order is generally not final unless it disposes of all claims or the rights and liabilities of all parties.” Carlisle v. Carlisle, 768 So.2d 976, 977 (Ala.Civ.App.2000) (citing Rule 54(b), and Ex parte Harris, 506 So.2d 1003, 1004 (Ala.Civ.App.1987)).
In his complaint, Alex Simpson claimed an interest in and sought an order of partition of the Simpson estate as well as Tract No. 4. The trial court declined to sever the claims pertaining to Tract No. 4 from those pertaining to the Simpson estate pursuant to Rule 21, Ala. R. Civ. P. Instead, the trial court “bifurcated” the issues and granted a separate trial on the issues pertaining to Tract No. 4 pursuant to Rule 42(b), Ala. R. Civ. P.
“A significant distinction exists between an order separating trials under Rule 42(b) and one severing claims under Rule 21 because ‘severed claims become independent actions with judgments entered independently, while separate trials lead to one judgment.’ Universal Underwriters Ins. Co. v. East Cent. Alabama Ford-Mercury, Inc., 574 So.2d 716, 725 (Ala.1990). The Committee Comments adopted February 13, 2004, to Rule 21 explain:
“ ‘Confusion has sometimes arisen between a true severance and an order providing for separate trials pursuant to Rule 42(b). The distinction has at least the significance that a judgment on the first of two separate trials is not final, absent an order pursuant to Rule 54(b), Ala. R. Civ. P., while after a true severance a judgment on the first action to come to trial is final and appealable without reference to the proceedings in the severed action. Key v. Robert M. Duke Ins. Agency, 340 So.2d 781, 783 (Ala.1976). . . .’”
New Acton Coal Mining Co. v. Woods, 49 So.3d 181, 184-85 (Ala.2010) (footnote omitted).
Had the issues been severed, a new case file would have been established upon the payment of the appropriate filing fee, and any resulting judgment in either case would have been capable of supporting an appeal. The bifurcation of the trials, however, did not result in two separate case files being created. Therefore, there was only one case pending. The trial court’s order partitioning the Simpson estate did not adjudicate Alex Simpson’s claims regarding ownership and partition of Tract No. 4. Furthermore, the trial court did not *1037 certify the May 14, 2013, order as final pursuant to Rule 54(b), Ala. R. Civ. P.[2] The issues pertaining to ownership and partition of Tract No. 4 remain pending before the trial court. Therefore, the May 14, 2013, order does not constitute a final, appealable judgment.
“ ‘ “When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.” ’ Young v. Sandlin, 703 So.2d 1005, 1008 (Ala.Civ.App.1997) (quoting Powell v. Republic Nat’l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974)).”
Sexton, 42 So.3d at 1283. Accordingly, we dismiss Alex Simpson’s appeal because it does not arise from a final judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. The June 13, 2013, motion was purportedly filed pursuant to Rule 59, Ala. R. Civ. P.; however, we have determined that the May 14, 2013, order was not final, and, therefore, Rule 59 does not apply. Warren v. Warren, 94 So.3d 392, 394 n. 1 (Ala.Civ.App.2012). Moreover, the trial court’s failure to rule upon the motion within 90 days did not operate to cause the motion tó be deemed denied, because Rule 59.1 likewise does not apply. Wessex House of Jacksonville, Inc. v. Kelley, 908 So.2d 226, 229 (Ala.2005).

. We make no determination regarding whether the trial could have properly certified the order as final pursuant to Rule 54(b). See Lighting Fair, Inc. v. Rosenberg, 63 So.3d 1256, 1264 (Ala.2010).