Rel: February 20, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

————————————

## SC-2025-0526

————————————

### Global Environmental Group, Inc., d/b/a Global Trash Solutions, and Peter Spano II

### v.

### Braxton L. Kittrell IV

### Appeal from Mobile Circuit Court
### (CV-22-900290)

MENDHEIM, Justice.

Global Environmental Group, Inc., d/b/a Global Trash Solutions ("GTS"), and GTS's owner and CEO, Peter Spano II, appeal from an order of the Mobile Circuit Court that denied their Rule 60(b), Ala. R. Civ. P., motion for relief from a default judgment entered against them and in favor of Braxton L. Kittrell IV. We dismiss the appeal.

## I. Facts

On February 24, 2022, Earth Resources and Recycling, A Greenwise LLC ("Earth Resources"), and Kittrell, Earth Resource's owner and CEO, commenced an action in the Mobile Circuit Court against GTS, Spano, Michael Mearman, Charles B. Neil, and fictitiously named defendants. The complaint listed Mearman as "Director of Operations" for GTS, Neil as "National Accounts Manager" for GTS, and Spano as "the CEO" of GTS. The complaint listed GTS as a "foreign corporation" that "did in fact sell their products in the State of Alabama, County of Mobile."

Earth Resources and Kittrell alleged that on December 7, 2020, Kittrell, as the owner of Earth Resources, contracted with GTS "to purchase a 60[-inch] Horizontal Baler, left hinge chamber door -- Heavy Duty" for a cost of $79,750, a price that included shipping and

2

installation.[1] A signed copy of the contract was attached to the complaint. Under the contract, Kittrell agreed to make a $40,000 down payment followed by 24 monthly installment payments of $1,562.06 to purchase the baler. In the complaint, Earth Resources and Kittrell alleged that Kittrell made the $40,000 down payment on December 16, 2020, and that, after that payment, the baler was supposed to be delivered "to his place of business at 709 Western Dr., Mobile, AL 36607," after which he would begin making the installment payments. It is undisputed that GTS never delivered the baler to Earth Resources. The complaint asserted claims of fraud, conversion, and violations under the Alabama Deceptive Trade Practices Act ("the ADTPA"), § 8-19-1 et seq., Ala. Code 1975.

A signed certified-mail receipt shows that the original complaint was served on Neil on February 28, 2022. It listed Neil's address as 824 U.S. Highway 1, Suite 100, North Palm Beach, Florida 33408.

Likewise, a signed certified-mail receipt dated February 28, 2022, shows that the original complaint was served on "Global Environmental

---

[1]In a hearing on April 17, 2023, Kittrell testified that a baler "basically compacts all the -- you know, whether it be plastic or cardboard, it compresses it into a big block and makes it ready for transport."

Group, LLC"; the same address is listed on that certified-mail receipt as was listed for Neil -- except that it did not list "Suite 100" as part of the address. The initials signed on the mail receipts look similar or nearly identical to one another. In a deposition, the designated corporate representative for GTS, Tammy Torres, stated that she could not identify the signature on the certified-mail receipt sent to "Global Environmental Group, LLC."

A signed certified-mail receipt dated April 7, 2022, shows that the original complaint was served on Spano. That certified-mail receipt listed Spano's address as 907 Lake Shore Drive, #111, Lake Park, Florida 33403. Torres testified that the address was an apartment Spano was renting at that time. However, Torres also testified that Spano currently lives in Connecticut and that she believed that he first moved there in September 2021.

On April 7, 2022, Mearman and Neil filed a "Motion to Dismiss or for More Definite Statement" in the circuit court. That motion argued that the complaint claimed that both Earth Resources and Kittrell could "maintain the exact same cause of action for damages" even though, "[h]ad the transaction been completed as anticipated, the company

4

[Earth Resources] -- not Mr. Kittrell -- would have owned the equipment." The motion contended that the asserted cause of action was contrary to Alabama limited-liability-company law because, under that law, an LLC is a separate legal entity from its members, and a member has no interest in any specific property purchased by the LLC. Based on that law, Mearman and Neil contended that the complaint should be dismissed for failure to state a claim upon which relief could be granted.

The circuit court set Mearman and Neil's motion for a hearing to be held on April 22, 2022. However, on April 21, 2022, Earth Resources and Kittrell filed a "First Amended Complaint." The amended complaint asserted that, "at all relevant times referenced herein, [Kittrell was] the owner and principal of [Earth Resources]." The amended complaint reasserted the claims of fraud and violations under the ADTPA, but it removed the claim of conversion because, it stated, "[a]fter this lawsuit was filed, Plaintiff Earth Resources received a refund for the $40,000 from Peter Spano." That refund is confirmed in the record with a cashed check from GTS to Earth Resources dated March 29, 2022, in the amount of $40,000. With respect to the fraud claim, the amended complaint requested "lost revenue damages plus costs associated with this filing

and attorney's fees" because Earth Resources and Kittrell allegedly "suffered consequential damages in terms of opportunity costs, fines, and penalties associated with operating [the] business" and were limited in their "ability to perform ... normal business operations."[2] (Id. at C. 73.)

On April 21, 2022, Kittrell, "individually and as principle of [Earth Resources]" also filed a response to Mearman and Neil's motion to dismiss.

On January 27, 2023, Earth Resources filed in the circuit court a "Motion for Default" against GTS and Spano in which it asserted that GTS and Spano had been served with the original complaint on February 28, 2022, and April 7, 2022, respectively, but that neither defendant had responded to the complaint. Earth Resources requested an entry of default and a hearing to determine damages.

On February 3, 2023, the circuit court granted the motion for an entry of default against GTS and Spano, and the circuit court set a hearing to prove damages for March 10, 2023.

---

[2]It appears that the amended complaint was sent to the defendants by regular United States mail rather than by certified mail.

On March 7, 2023, Mearman and Neil filed a "Motion for Summary Judgment" concerning the claims asserted against them. In their summary-judgment motion, Mearman and Neil contended that they "were merely employees of [GTS]," that "they only acted within the line and scope of their employment with [GTS]," that "they did not personally enter into a contract with [Earth Resources and Kittrell]," that they did not commit fraud against Earth Resources or Kittrell, and that they did not "knowingly commit any act or knowingly engage in any activity which constitutes a violation of the Alabama Deceptive Trade Practices Act." Both Mearman and Neil attached affidavits in support of their summary-judgment motion.

The circuit court set a hearing for the summary-judgment motion and for proving damages for the entry of a default judgment for April 14, 2023. On April 17, 2023, the circuit court entered a summary judgment in favor of Mearman and Neil.

On the same date, April 17, 2023, the circuit court entered a "Final Order and Default Judgment" against GTS and Spano. The default judgment assessed net compensatory damages of $416,012 based on "testimony presented by [Kittrell] in open court." The default judgment

also assessed attorneys' fees in favor of Kittrell and Earth Resources and against GTS and Spano in the amount of $25,000 based on the ADTPA claim. Thus, the total amount of damages awarded under the default judgment was $441,012.

On July 21, 2023, counsel for "Global Environmental Group, Inc. (erroneously identified in the Complaint as Global Environmental Group, LLC), and Peter Spano" filed a notice of appearance in the circuit court.

On August 4, 2023, GTS and Spano filed a "Motion for Relief from Default Judgment" "pursuant to Rules 60(b)(1), 60(b)(4) & 60(b)(6), Ala. R. Civ. P." In their Rule 60(b) motion, GTS and Spano conceded that "a return of service was filed indicating service of process on Defendant [GTS] via certified mail on February 28, 2022," but they asserted that "[t]he signature on the receipt is illegible." They also conceded that "a return of service was filed evidencing proof of service on Defendant Spano via certified mail on April 7, 2022." GTS and Spano further asserted that "the court record does not reflect that service of the Amended Complaint was ever issued to [GTS] or Spano by certified mail or any other means." GTS and Spano asserted that they "first learned of the Default Judgment on or about July 3, 2023, when Defendant Spano received notice of a

8

garnishment issued to SeaCoast Bank." GTS and Spano argued that defective service rendered the default judgment void. They contended that service was defective because Earth Resources and Kittrell were supposed to serve GTS's authorized agent for service -- Spano -- not the company as an entity as the certified-mail receipt of February 28, 2022, indicated. They also emphasized that "the signature on the [certified-mail] receipt is illegible and [GTS and Spano] are uncertain as to who signed the receipt. Whomever the unidentified person is, the paperwork was not delivered to [GTS or Spano]." GTS and Spano also argued that the default judgment was void because the amended complaint was never served on either GTS or Spano and the amended complaint requested a different amount of damages than the amount requested in the original complaint. GTS and Spano also contended that they were entitled to relief from the default judgment based on excusable neglect because GTS was unable to deliver the baler because of detrimental economic impact created by the COVID-19 pandemic.

GTS and Spano attached to their motion for relief from the default judgment an affidavit from Spano in which he testified that he was the registered agent for GTS in 2022. Spano also stated that he was

9

"uncertain who signed the receipt" of service for GTS and that "[t]he paperwork received by the unknown person was not delivered to me or any other member, manager, or agent of [GTS]." Noticeably absent from Spano's affidavit was any acknowledgment of the certified-mail receipt for service of the original complaint that was addressed to him.

On August 8, 2023, the circuit-court judge who had been presiding over the case, Judge Wesley Pipes, entered an order recusing himself from the case and reassigning the case to the docket of Judge Vicki Davis.

On August 18, 2023, GTS and Spano filed an "Objection to Notice of Intent to Issue Subpoena to AT&T Mobility, LLC." According to that filing, on August 8, 2023, Earth Resources and Kittrell had filed a notice of intent to issue a subpoena to "AT&T Mobility, LLC -- Subpoena Compliance Center," apparently seeking mobile-phone records of GTS employees in an effort to determine who had signed the February 28, 2022, certified-mail receipt for GTS. GTS and Spano objected to the subpoena because, they said, the subpoena sought materials that were subject to the attorney-client privilege and "this action was concluded on April 17, 2023, upon entry of the Court's Final Order and Default Judgment, therefore, no action is pending for issuance of a subpoena."

10

On December 13, 2023, Kittrell filed a response opposing GTS and Spano's Rule 60(b) motion for relief from the default judgment, a motion for limited discovery, and a motion to extend the deadline for responding to the motion for relief from the default judgment.[3] In that filing, Kittrell noted that the original complaint had been mailed to GTS "at its registered business location of 824 US Hwy 1, North Palm Beach, FL 33408. The certified mail was signed for by an employee of [GTS] ...." As proof that GTS was aware of the filing of the complaint at that time, Kittrell also pointed to correspondence from GTS's counsel dated April 13, 2022, in which GTS acknowledged receipt of the complaint and even attached the summons and complaint to that correspondence. In addition to those points, Kittrell requested

> "limited discovery on this issue of service of the summons and complaint. Specifically, [Kittrell] moves the Court for leave to depose a 30(b)(6)[, Ala. R. Civ. P.,] representative of [GTS] on the issue of service, its office staff and their responsibilities (including receiving the business's mail) and the deposition of the individual who accepted the summons (once identified)."

---

[3]At some point in this litigation, Earth Resources stopped being a named plaintiff in this action. The first filing in which the style of the case listed only Kittrell as the plaintiff was the circuit court's summary judgment in favor of Mearman and Neil, even though that judgment still mentioned "Plaintiffs." It is unclear from the record filings exactly when and why the change to Kittrell as the sole plaintiff occurred.

11

Kittrell also asked for the circuit court to extend the deadline for his full response to the motion for relief from the default judgment until the limited discovery was completed.

On December 15, 2023, GTS and Spano filed a reply to Kittrell's response in opposition to the motion for relief from the default judgment. In their reply, GTS and Spano contended that Kittrell's statement that a GTS employee signed the certified-mail receipt for service of the original complaint sent to GTS was "an unsupported assertion [that] is not evidence and is due no consideration." GTS and Spano also opposed any limited discovery as to service of the complaint upon GTS.

On the same date, December 15, 2023, Kittrell filed a supplemental response in opposition to the Rule 60(b) motion for relief from the default judgment in which he argued that the general appearance by counsel for GTS and Spano on July 21, 2023, had waived any objection to improper service of process.

On December 29, 2023, the circuit court entered an order that granted Kittrell permission to conduct limited discovery concerning the issue of service of process and that denied GTS and Spano's objection to

12

the subpoena of telephone records sought by Kittrell as part of that discovery.

In a hearing on May 10, 2024, the circuit court made it clear to new counsel for GTS and Spano[4] that the court had granted "limited discovery to determine whether or not there was adequate service, that's all. We don't get to the underlying issues of the basis of the case. That's not what this is about." Counsel for GTS and Spano indicated that they would comply with the circuit court's order concerning limited discovery.

On June 24, 2024, the circuit court entered an order granting a motion to compel discovery that had been filed by Kittrell in relation to the limited discovery he had been authorized to conduct. The order directed GTS and Spano "to comply with [Kittrell's] request for limited discovery as necessary" and provided that the parties had 75 days to conduct the discovery.

On August 29, 2024, counsel for Kittrell deposed Torres, GTS's designated corporate representative under Rule 30(b)(6), Ala. R. Civ. P., for purposes of the limited discovery concerning service of process. Torres

---

[4]On May 9, 2024, GTS and Spano retained new counsel to represent them in this litigation.

testified that she is the office manager for GTS; that GTS has had only one corporate office since February 2022, which is located at 824 U.S. Highway 1, Suite 100, North Palm Beach, Florida; that GTS had five employees at the time the service of process was sent; that she did not recognize the signature on the February 28, 2022, certified-mail receipt; and that she was the only employee at the office on February 28, 2022. She also testified that GTS's standard practice for certified mail was for "whoever is at the front [of the office] to sign for it" and then to send it to Spano. During the deposition, Kittrell's counsel presented Torres with returns of service from other lawsuits that named GTS in which, Torres admitted, she had accepted service of process.

On September 5, 2024, Kittrell filed a motion to extend the deadline for limited discovery for an additional 75 days because GTS and Spano's disclosures allegedly had not been helpful to the issue. On September 9, 2024, GTS and Spano filed a response opposing any extension of the limited-discovery deadline, in which they blamed Kittrell and his counsel for delays in completing discovery. The response insisted that GTS and Spano

> "do not recognize the illegible signature [on the February 28, 2022, certified-mail receipt] and do not know the identity of

14

the person whose initials are on the certified mailing .... Instead, the certified mailing was not properly addressed, did not list a suite number, and was delivered to a multi-story corporate office complex with over forty (40) other businesses and a constant flow of traffic created by members of the public."

On June 5, 2025, GTS and Spano filed what they styled an "Omnibus Brief in Support of and Amended Motion for Relief from Default Judgment." That filing essentially constituted a reset of their arguments concerning why they believed their Rule 60(b) motion for relief from the default judgment should be granted. In the new filing, GTS and Spano contended, among other things, that neither of them was "properly served with the pleadings in this case," that "[t]he judgment was based upon claims for which no relief could have been granted and a breach of contract claim which had never been pled," and that "[t]he judgment amount included calculations for damages not recoverable and specifically prohibited by law." The new filing also contained allegations against Neil and Mearman for allegedly conspiring against Spano and insinuating that Neil perhaps signed the February 28, 2022, certified-mail receipt to GTS but did not relay it to Spano. The new filing also asserted for the first time that the default judgment was void for lack of subject-matter jurisdiction because the complaint was filed by Kittrell in

15

his individual capacity, not by Earth Resources, and that Kittrell "lacked the legal authority, capacity, and standing to bring any claim and ... has suffered no injury." GTS and Spano also contended, without documentation, that Kittrell is a resident of the State of Washington, not Alabama, and that "Alabama does not have subject-matter jurisdiction over the tort claim (fraud) or statutory Alabama Deceptive Trade Practices Act ('ADTPA') brought by a non-resident who was not a party to the contract at issue and, therefore, had no standing to bring claims flowing therefrom." GTS and Spano further asserted that the judgment was void because, they said, Kittrell had failed to join Earth Resources as a plaintiff even though, according to them, Earth Resources was an indispensable party to the action. GTS and Spano also argued that the circuit court lacked personal jurisdiction over GTS because it is "a Florida corporation, conducted no business in Alabama, and Kittrell's unilateral contact with GTS is insufficient to confer jurisdiction."

On June 6, 2025, GTS and Spano filed a motion to recuse Judge Davis from the case. On the same date, Judge Davis entered an order denying the recusal motion.

On June 11, 2025, the circuit court entered an order that provided:

16

"[GTS and Spano's] Objection to Notice of Intent to Issue Subpoena to AT&T Mobility, LLC is **GRANTED**.

"[GTS and Spano's] Objection to [Kittrell's] Subpoena to Non-Party Paychex, Inc., is **DENIED**.

"[Kittrell's] Motion to Extend Limited Discovery Deadline is **GRANTED**.

"[GTS and Spano's] Motion for Relief from Default Judgment and Omnibus Brief in Support of and Amended Motion for Relief from Default Judgment are **DENIED**."

(Bold typeface and capitalization in original.)

On July 11, 2025, GTS and Spano filed an "Instanter Motion to Reconsider and for Evidentiary Hearing or, alternatively, for a Ruling on the Merits." GTS and Spano attached to that motion an affidavit from Spano that attempted to establish certain facts.

On July 23, 2025, GTS and Spano appealed from the circuit court's June 11, 2025, order.

## II. Analysis

In their appeal, GTS and Spano reiterate the arguments they raised in their renewed motion for relief from the default judgment. We cannot examine the merits of those arguments, however, because GTS and Spano clearly have appealed from a nonfinal judgment. The circuit court's June 11, 2025, order expressly denied GTS and Spano's motion

17

for relief from the default judgment and their amended motion for relief from the default judgment. However, the circuit court also expressly granted Kittrell's motion to extend the limited-discovery deadline, and it denied GTS and Spano's objection to a nonparty subpoena that was directly related to that limited discovery.

As the rendition of the facts relates, the circuit court had permitted Kittrell to perform limited discovery for the purpose of determining whether adequate service of process was perfected upon GTS. Even before the entry of its June 11, 2025, order, the circuit court had granted discovery as to that issue, had granted an extension to conduct that discovery, and had granted a motion to compel with respect to that requested discovery because GTS and Spano had openly refused to cooperate with Kittrell's efforts to conduct the discovery. Even after Kittrell had deposed GTS's corporate representative, Kittrell argued that further limited discovery was necessary. In granting Kittrell's request for another extension to conduct limited discovery in its June 11, 2025, order, the circuit court agreed that Kittrell was entitled to conduct more discovery on the service-of-process issue. Thus, even though the circuit court's June 11, 2025, order denied GTS and Spano's Rule 60(b) motion,

the circuit court simultaneously ordered further limited discovery as to the issue whether GTS received adequate service of process, which constituted one basis for GTS and Spano's motion for relief from the default judgment. Consequently, on its face, the circuit court's June 11, 2025, order was not a final judgment.

> "'"As this court has said many times previously, a final judgment is necessary to give jurisdiction to this court on an appeal, and it cannot be waived by the parties...."
>
> "'....
>
> "'When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu.'
>
> "Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102, 300 So. 2d 359, 360 (1974) (quoting McGowin Investment Co. v. Johnstone, 291 Ala. 714, 715, 287 So. 2d 835, 836 (1973))."

North Alabama Elec. Coop. v. New Hope Tel. Coop., 7 So. 3d 342, 344 (Ala. 2008).

GTS and Spano seem to recognize the problem with their appeal in their appellate brief's "Statement of Jurisdiction," stating:

> "[B]ecause the trial court's order of June 11, 2025, extended jurisdictional discovery for [Kittrell] to prove service and did not adjudicate all claims to all parties, this Court has authority to treat this appeal as a writ of mandamus in the

19

interest of justice pursuant to Rule 21, Ala. R. App. P., and Rule 4(a)(1), Ala. R. App. P."

GTS and Spano's brief, p. 4. But GTS and Spano do not clearly explain on what basis a writ of mandamus should issue.

If the ground for a writ of mandamus is lack of jurisdiction based on a failure to properly serve GTS, a final determination on that issue clearly remains before the circuit court because discovery is ongoing as to that issue. "Generally, the writ of mandamus will not issue to compel a trial court to exercise its discretion in a particular manner." Ex parte Monsanto Co., 794 So. 2d 350, 353-54 (Ala. 2001). GTS and Spano offer us no compelling reason to decide the service-of-process issue before the circuit court has done so.

If GTS and Spano take issue with the circuit court's decision to grant further limited discovery on the issue of service of process, the applicable standard of review is whether the circuit court exceeded its discretion in allowing further discovery. See, e.g., Ex parte Ocwen Fed. Bank, FSB, 872 So. 2d 810, 813 (Ala. 2003) ("Discovery matters are within the trial court's sound discretion, and this Court will not reverse a trial court's ruling on a discovery issue unless the trial court has clearly exceeded its discretion."). However, GTS and Spano present no argument

20

beyond a general assertion in their appellate brief -- without further explanation or any citation to authority -- that the circuit court exceeded its discretion in that regard.[5] Therefore, we see no basis for considering such an argument. See, e.g., White Sands Grp., L.L.C. v. PRS II, LLC, 998 So. 2d 1042, 1058 (Ala. 2008) ("Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived. Moore v. Prudential Residential Servs. Ltd. P'ship, 849 So. 2d 914, 923 (Ala. 2002); Arrington v. Mathis, 929 So. 2d 468, 470 n.2 (Ala. Civ. App. 2005); Hamm v. State, 913 So. 2d 460, 486 (Ala. Crim. App. 2002). 'This is so, because " 'it is not the function of this

---

[5]GTS and Spano's only attempt to argue that the circuit court exceeded its discretion in granting further limited discovery is a brief paragraph in their appellate brief's "Statement of Issues":

"V. When the issue of insufficient service of process was raised, the burden shifted to [Kittrell] to prove service was perfected. [Kittrell] had not met the burden of providing proof of service or satisfying [his] burden to prove the court had jurisdiction at the time of the trial court's order of June 11, 2025. Did the court err by extending the limited discover deadline for [Kittrell to] try and prove service?"

GTS and Spano's brief, p. 14. That paragraph consists of bald assertions followed by an implied argument raised in the form of a question.

Court to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument.'"' Jimmy Day Plumbing & Heating, Inc. v. Smith, 964 So. 2d 1, 9 (Ala. 2007) (quoting Butler v. Town of Argo, 871 So. 2d 1, 20 (Ala. 2003), quoting in turn Dykes v. Lane Trucking, Inc., 652 So. 2d 248, 251 (Ala. 1994)).").

In sum, GTS and Spano have appealed from a nonfinal judgment that will not support an appeal. Additionally, they have not offered an adequate argument as to why we should construe their appeal as a petition for a writ of mandamus. Accordingly, the appeal is due to be dismissed.

## III. Conclusion

The circuit court's June 11, 2025, order on its face is not a final judgment. Limited discovery concerning whether adequate service of process was provided to GTS is ongoing, and GTS and Spano have made the alleged lack of service of process to GTS a central component of their Rule 60(b) motion for relief from the circuit court's April 17, 2023, default judgment against GTS and Spano. "It is well settled that, except in limited circumstances not applicable here, this Court does not have

jurisdiction to consider an appeal taken from a nonfinal judgment." <u>Beam v. Taylor</u>, 149 So. 3d 571, 574 (Ala. 2014). Therefore, we dismiss the appeal.

APPEAL DISMISSED.

Stewart, C.J., and Shaw, Bryan, and McCool, JJ., concur.